STATE v. LEWIS RIVERS.

*Injury to Stock—Statute, repeal of—Comments of Counsel.*

1. A party charged with injury to stock running at large, cannot be allowed to set up, as matter of defence, the provisions of the "stock law" making it unlawful for the owner to permit his stock to run at large.

2. Section 94, chapter 32, of Battle's Revisal, was not repealed by the act of 1881, ch. 172; but the court intimate that the same has been changed by THE CODE, §1002.

3. The exception in this case in reference to remarks of counsel is not sustained The prompt interposition of the court counteracted any improper effect they might have had upon the jury.

(*State v. Woodside*, 9 Ired., 496; *Roberts v. Railroad*, 88 N. C., 560; *State v. Suggs*, 89 N. C., 527; *State v. Sheets, Ib.*, 543, cited and approved).

INDICTMENT for a misdemeanor, tried at Spring Term, 1883, of ANSON Superior Court, before *MacRae, J.*

Verdict of guilty; judgment; appeal by the defendant.

*Attorney-General,* for the State.
*Mr. Sam'l T. Ashe,* for defendant.

MERRIMON, J.   The defendant is indicted for unlawfully and on purpose killing a bull running at large in the range in the county of Anson, with intent to injure the owner, in violation of section 94, chapter 32, Battle's Revisal.   He insists that this statute is repealed as to the county of Anson by the act of 1881, ch. 172.   This act is in force in that county, and by its provisions it is made unlawful for any live stock to run at large, and any person who shall permit his or her live stock to run at large therein shall be deemed guilty of a misdemeanor, and provision is made for impounding cattle seized while so at large.

It is contended for the defendant, that, as it is thus made unlawful for live stock to run at large in the county of Anson, the occasion for the statute upon which the indictment is founded, and the purpose for which it was enacted, to-wit: the protection of cattle running at large in the range where they may lawfully do so, no longer exists, and therefore, it is repealed by the act mentioned.

We cannot yield our assent to this interpretation of the statutes referred to.   A statute, or parts of it, may be repealed by a subsequent one, when the intention of the legislature to repeal it is expressed in clear and unambiguous words.   And also, where a subsequent statute contains provisions manifestly repugnant to, and inconsistent with, a former one, it impliedly repeals or modifies the latter.   But the law does not favor a repeal by implication, and it will not be allowed, except where the repugnancy is plain, and the repeal is necessary to effectuate the legislative intent.   Such repeal is never allowed, if both statutes can operate consistently, each with the other.   *State* v. *Woodside,* 9 Ired., 496; Broom Leg. Max., 24; Dwarriss on Stat., 154, *et seq.*

The act of 1881 does not expressly repeal said section 94, nor does it do so by necessary implication. The repealing clause in it embraces "all laws and clauses of laws in conflict with" its provisions, but it does not in terms repeal any particular statute. Although it makes it unlawful for live stock to run at large in Anson county, and the owner guilty of a misdemeanor for allowing them to run at large, still, it does not authorize any person to kill or injure such stock found at large in violation of its provisions; on the contrary, it provides for their protection by impounding them. It is still unlawful to "kill, maim or injure" live stock, though found at large in the range, and there is nothing in the act of 1881 inconsistent with the statute that makes it indictable to "unlawfully and on purpose kill" live stock running at large in the range in Anson county, with intent to injure the owner, or with other unlawful intent. It may well be, it is not unreasonable to suppose, that the legislature did not intend to repeal or modify section 94. It is certainly not inconsistent with the act of 1881. It is not unreasonable that a statute should make it indictable to kill or maim stock unlawfully running at large in the range, with unlawful intent, if the legislature should deem it wise and necessary for the public good. It was competent for the legislature to repeal section 94, but it did not do so, and it cannot be taken that it did not act advisedly and with due consideration; on the contrary, it is presumed that it did. It is very clear that the two acts in question are not inconsistent with each other, as contended; but that both may operate, and it must be held that they do. *Roberts* v. *Railroad*, 88 N. C., 560.

It would seem, however, that THE CODE, §1002, has changed said section 94. It makes it indictable to kill, maim or injure any live stock "*lawfully*" running at large in the range. We express no opinion in this respect, as the question whether a change is made or not is not before us. The change could not in any view of it affect this case. THE CODE, §3870.

The exception as to the improper remarks of counsel cannot

be sustained.   It does not appear that the jury heard what was said.   It is probable they did not.   But be this as it may, the court promptly reprimanded the counsel in the hearing of the jury, and in such way as to counteract any improper effect the remark might have had, if heard by the jury.   It does not appear that the defendant suffered any prejudice on account of it. Besides, the objection was not made till after verdict.   *State* v. *Suggs*, 89 N. C., 527 ; *State* v. *Sheets*, *Ib.*, 543.

There is no error.   Let this opinion be certified to the superior court of Anson county, to the end that that court may proceed to judgment according to law.

No error.                                         Affirmed.