STATE v. HENRY BEARD AND JALIE MILLER.

(Decided April 18, 1899).

*Judge's Charge—Evidence.*

1. While the object of the Judge's charge is to state the law, and to assist the jury in applying the facts. as found by them, to the law—the manner in which this is to be done must be left, to a very great extent, to the good sense and sound judgment of the trial Judge.—*State* v. *Boyle*, 104 N. C., 800, doubted.

2. On the trial of an indictment charging fornication and adultery committed in Catawba County, evidence tending to show criminal intercourse between the defendants in Caldwell County is admissible, not that they could be convicted for that, but to properly interpret the evidence tending to prove the offence in Catawba County.

INDICTMENT for fornication and adultery in Catawba County, tried before *Coble, J.,* at Fall Term, 1898, of CATAWBA Superior Court.

The evidence introduced by the State was entirely circum-

STATE *v.* BEARD et al.

stantial. Some of the circumstances occurred in Catawba County and some in Caldwell County. The defendants offered no evidence.

His Honor recited the whole evidence and laid down general principles of law applicable to the trial of such cases.

The defendants excepted for that his Honor failed to classify and array the testimony in its proper bearings— citing *State v. Boyle,* 104 N. C., 800.

The defendants asked the following special instruction:

The jury will not consider any evidence of the presence or conduct of the defendants in the County of Caldwell, or any thing said by the male defendant in that County, as being independent proof going to sustain the present indictment, but will only consider such evidence in so far as the jury may regard it as tending to prove adulterous intercourse between the defendants in the County.

Instruction declined, defendants excepted. Verdict, guilty. Judgment. Appeal by defendants.

*Messrs. E. B. Cline* and *T. M. Hufham* for appellants.
*Mr. Zeb. V. Walser,* Attorney General, for the State.

FURCHES, J. This is an indictment for fornication and adultery and both defendants were on trial; verdict of guilty and appeal.

Defendant's first exception is that the Court only read the notes of the evidence, and charged the law in general terms. We do not understand from this exception that there is any complaint upon the ground that the charge contained erroneous propositions of law. Nor do we understand that there is any complaint, alleging any error committed by the Court in reading the notes of the evidence; but that the Court did not sufficiently array and sum up the evidence in its charge

STATE *v.* BEARD et al.

to the jury; and the case of *State v. Boyle,* 104 N. C., 800 is the principle authority relied on for this contention. The case of *State v. Boyle,* has been so often criticised, explained, and overruled upon the point for which it is cited that it can no longer be considered as authority. The Court in that case undertook to say how well a Judge should succeed in aiding the jury to understand the evidence, and seems to have succeeded better in producing confusion than in establishing the rule of practice intended to be established. We do not wish to fall into this error again. It is true that the object of the charge is to state the law of the case to the jury, and to aid them in applying the facts to the law; but the manner in which this is done must be left, to a very great extent, to the good sense and sound judgment of the Judge who tries the case.

There are a few general principles that should be observed by Court and counsel on the trial, whether civil or criminal. Prayers for instruction should be hypothetical, not too long and not confused. The charge should consist in hypothetical propositions, where addressed to the jury—should consist of clear cut propositions, as far as practicable, should not be too discussive, as it is usually addressed to plain intelligent jurors, who can comprehend a short, concise statement better than a discussion of the matter. 1 Enc. Pleading and Pr., 151 and 152. But we do not think that the facts or the evidence in this case were complicated, and they must have been fully understood by the jury. This exception is not well taken and can not be sustained.

The interesting question intended to be presented by defendant's 7th prayer and refusal of the Court to give the same, does not arise, as both defendants were on trial and both were convicted. And we do not propose to consider it until it is presented.

The 8th and 9th exceptions, based upon prayers asked and not give are not sustained.

But it appears from the record that the State was allowed to introduce evidence tending to prove adulterous intercourse between the defendants in Caldwell County. This was competent evidence and could not be excluded on objection of defendants. But it was only competent to be considered in connection with other evidence to prove adultery between the parties in Catawba County, and not to prove the crime of fornication and adultery between the defendants in Caldwell County. It is competent evidence upon the same principle that evidence of facts more than two years before the finding of the bill, or facts that have taken place after the bill is found. The defendants could not be convicted for these acts; but it is competent to prove them, to aid the jury in coming to a correct conclusion, or in other words to properly interpret the evidence tending to prove the offence in Catawba County. The Court was asked to so instruct the jury and declined to do so. In this there was error. The point is expressly decided in *State v. Guest,* 100 N. C., 410.

New trial.