## STATE v. ARCHIE KINSAULS.

(Decided May 8, 1900.)

*Exceptions to Jurors—Peremptory Challenges—Possession of Deadly Weapon—"Broadside Exception" to Judge's Charge Inadmissible, Code, Section 550—When Tolerated.*

1. The finding by the Judge, that a juror tendered is indifferent, is not reviewable; other exceptions will not be reviewed, if the prisoner has not exhausted his peremptory challenges.

2. Evidence which showed possession by the prisoner of weapons, is competent to show preparation.

3. As a general rule a broadside exception to Judge's charge is inadmissible. *In favorem vitae*, in a capital case, the Attorney-General will readily assent to the insertion of proper exceptions, *nunc pro tunc*.

4. The strict rule laid down in *State v. Boyle*, 104, N. C., 800, as to arraying the evidence and presenting the contentions of the parties has been overruled. *State v. Edwards*, at this term. Recapitulating the evidence, unless requested, is ordinarily not required.

5. When objectionable remarks are made by counsel, all that the Court can do is to stop him, and to caution the jury not to consider them.

6. The verdict, "guilty of the felony of murder in the first degree," is a substantial compliance with the statute—the addition next day by order of the Court, on reading the minutes, of the words "in manner and form as charged in the bill of indictment," was a mere formality.

7. An exhortation from the pulpit to the jury who by consent attended divine service on Sunday, for them to do their duty between the State and the prisoner, followed by a prayer for a fair trial, although wanting in propriety, was not prejudicial to the prisoner.

INDICTMENT for murder of John C. Herring, tried before *Bryan, J.,* at October Term, 1899, of the Superior Court of

SAMPSON County. The prisoner was convicted of murder in the first degree, and from the death sentence appealed to Supreme Court. There was a "broadside" exception to the Judge's charge, which by consent of Attorney-General, was allowed to be substituted, *nunc pro tunc* by specific exceptions, which were considered by the Court, and appear in the opinion.

 *Mr. John D. Kerr,* for appellant.
 *Attorney-General,* for the State.

CLARK, J. The exceptions to jurors were properly abandoned in this Court. The finding of fact by the Judge that a juror is indifferent is not reviewable. *State v. Potts,* 100 N. C., 457; *State v. Fuller,* 114 N. C., 891. Besides, other exceptions to jurors if made could not be reviewed, since the prisoner did not exhaust his peremptory challenges. *State v. Hensley,* 94 N. C., 1021; *State v. McDowell,* 123 N. C., 764; Walser's Digest, 281.

The only exception to evidence was that which showed weapons in possession of the prisoner but which was competent to show preparation. The sole exception to the charge was the "broadside" exception "to the charge as given," which the unbroken decisions of this Court, in accordance with the provision of the statute governing appeals (Code, sec. 550), hold inadmissible. *State v. Moore,* 120 N. C., 570; Walser's Digest, 149, 249. But in a capital case, the Attorney-General will readily assent to the insertion of proper exceptions *nunc pro tunc. State v. Huggins,* at this term; *State v. Wilcox,* 118 N. C., 1131. The prisoner's counsel insists that the charge is defective because it did not array the evidence and present the contentions of the parties. The strict rule laid down in *State v. Boyle,* 104 N. C., 800, has since been

overruled, and we find the charge a reasonable compliance with the statute. If the prisoner's counsel had desired fuller instructions he should have asked for them. *State v. Edwards,* at this term. The prisoner further objects that the Judge did not recapitulate the evidence. The regularity of the proceedings below are presumed, and the appellant must show error. The charge does not purport to be in full, and merely states "the Judge charged among other things." All that is required is that the Judge send up the parts of the charge excepted to. It does not affirmatively appear that the Judge did not recapitulate the evidence. The prisoner had ten days after court to make out his exceptions to the charge, and if in them he had excepted that the Judge had not recapitulated the evidence, his Honor would have been put on notice to state how the fact was. Besides, ordinarily, it is not error not to recapitulate the evidence unless it is requested. *Boon v. Murphy,* 108 N. C., 187, and cases there cited; Clark's Code (3d. Ed.), sec. 412 (3); *State v. Ussery,* 118 N. C., 1177.

When the remarks of counsel were objected to, the Judge promptly stopped him, and cautioned the jury not to consider them, which was all the Court could do. *State v. Rivers,* 90 N. C., 738. Besides, no exception was taken.

The verdict "guilty of the felony of murder in the first degree" is a substantial compliance with the statute, and the meaning of the jury could not be misunderstood. The addition, next day by order of the Court, of the words "in manner and form as charged in the bill of indictment," was a mere formality which in no wise prejudiced the prisoner.

A month after the trial, the prisoner's counsel moved for a new trial because of misconduct of the jury. The Court was then *functus officio. State v. Sanders,* 111 N. C., 700; *State v. Bennett,* 93 N. C., 503; *State v. Warren,* 92 N. C., 825. If the motion had been made during the term, the Judge

should have found the facts, and the verdict should have been
set aside as a right only when there was misconduct affecting
the verdict of the jury, and not when there was merely oppor-
tunity. *State v. Tilghman,* 33 N. C., 513. Here, the al-
leged misconduct was the remarks of a preacher at a church
which the jury were allowed to attend with the consent of the
prisoner. If the remarks had been prejudicial, the sermon
was a matter of public notoriety, and the prisoner's counsel
should have been able to have presented the matter to the
court before adjournment, and, as he did not do so, it is a
matter (if there were anything to complain of) to be pre-
sented to the Executive. The matter complained of is, as
stated in *ex parte* affidavits for the defense, that the minister
said, "There are men here who have in their hands the life
of a poor man now on trial. You ought to be careful, and if
he is guilty, say so; and if he is not guilty, say so. Do your
duty before God and your country;" and in his prayer he
said: "Now Lord, we are going to offer a special petition
to Thee that this jury may give him a fair and impartial trial,
and, if guilty, say so; and if not guilty, say so," and made a
special appeal to God in behalf of said prisoner, praying for a
"fair trial to him." It would have been of course propriety
for the man of God to have made no reference to a matter
which the laws of his country had entrusted to the unbiased
decision of a jury, but it is impossible to find in the above
anything which was prejudicial to the prisoner. In view of
the occurrence, it would be well, however, for trial Judges
hereafter to avoid giving similar opportunity for complaint.

The counsel for the prisoner, with commendable zeal, has
presented every possible objection which might vitiate the
trial below, but so far as the record appears the minister's
appeal has been answered, and the prisoner has had the fair
trial which the laws of his country guaranteed him.

No error.