### TURRENTINE v. WELLINGTON.

(Filed November 1, 1904).

1. MASTER AND SERVANT—*Negligence.*

   An employer owes the duty to his employees to exercise reasonable and ordinary care to prevent any personal injury to any of them in the prosecution of his work.

2. NEGLIGENCE—*Master and Servant.*

   Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or done what such a person under the existing circumstances would not have done.

3. CONTRIBUTORY NEGLIGENCE—*Master and Servant.*

   If an employee, by the exercise of ordinary and reasonable care, could have seen the danger in time to have escaped, and failed to do so, he is guilty of contributory negligence.

4. INSTRUCTIONS—*Fellow-servants—Master and Servant.*

   The failure to give an instruction on the law of fellow-servants, the evidence excluding the defense of fellow-servant, is not error.

ACTION by F. Turrentine against A. J. Wellington, heard by *Judge C. M. Cooke* and a jury, at March Term, 1904, of the Superior Court of ORANGE County. From a judgment for the plaintiff the defendant appealed.

*Graham & Graham* and *Winston & Bryant,* for the plaintiff.

*S. M. Gattis,* for the defendant.

CONNOR, J. The defendant under the name and style of the Southern Broken Stone Company was engaged by his agents and servants at Hillsboro, N. C., in blasting rock and preparing and furnishing it as ballast for the Southern Rail-

way Company. Plaintiff on the day upon which he was injured was employed by defendant to assist in the work in which he was engaged and assigned to the duty, together with several other employees, of breaking rock into small pieces after being loosened by dynamite. It was usual to explode the dynamite while the hands engaged with the plaintiff were at dinner. On the 28th day of May, 1903, the hands were called back to their work by Mr. Boggs the foreman, and plaintiff being engaged in breaking rock near the bottom of the excavation, was injured by a rock falling some ten or twelve feet from the bench or shelf up the mountain side, which had been loosened by a crow-bar, after the explosion of dynamite, by defendant's employees. He alleges that he was expecting that, as was usual, the foreman in charge of the hands on the mountain side above him would give him warning of the falling rock. That by reason of their failure to do so he was struck by the rock and seriously injured, his leg being broken. The defendant admits that plaintiff was his employee and that he was injured by the falling rock. He denies that his agents and servants were guilty of any negligence in the premises. He avers that the business or employment in which plaintiff was engaged was attended with dangers, and that this was well known to the plaintiff, who assumed the risks incident thereto. That the plaintiff by his own negligence and carelessness contributed to his injury. That if he was injured by the negligence of any other person or persons they were his fellow-servants. The Court, without objection, submitted the following issues to the jury:

1. "Was the plaintiff injured by the negligence of the defendant? Answer: 'Yes.'"

2. "Did the plaintiff, by his own negligence contribute to his injury? Answer: 'No.'"

3. "What damages, if any, is the plaintiff entitled to recover? Answer: 'Three hundred dollars.'"

The defendant, at the close of the plaintiff's testimony, moved the Court to dismiss the action as upon nonsuit. The motion was denied, defendant noted an exception and introduced testimony. He did not renew his motion at the close of the evidence, nor did he ask the Court to instruct the jury that there was no evidence entitling the plaintiff to go to the jury. We note this fact, not because we think that defendant could have successfully made such motion or request, but as a reason for not setting forth the testimony in full. There was evidence fit to be considered by the jury tending to sustain the affirmation of the first and third issues. There was also testimony proper to be considered upon the second issue, the weight and value of all of which was for the jury. The record states that no special instructions were asked by either party. His Honor put his charge in writing. The portions of the charge to which the defendant's exceptions are pointed are:

1. "The defendant owed the duty to his servants or employees to exercise reasonable and ordinary care to prevent any personal injury to any of them in the prosecution of his work."

2. "Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done."

3. "If the defendant placed a gang of hands on the side or bench of the side of the embankment above the plaintiff and other laborers who were breaking up stones beneath, and if he directed the gang of hands to clear the place of all surface stones in order to prepare for another blast by dynamite, and that the stones when so loosened would roll down the embankment to the level where the hands were at work, and the defendant knew of this fact, it would be the duty of the defendant to see to it that sufficient warning or notice was

given to the laborers below that a stone was going to be loosened, to enable them to escape to a place of safety, and failure to do this would be negligence, and if the jury shall find in this case to be as above and that defendant failed to give the warning of the removal of the stones for a sufficient time to enable the plaintiff to escape, the jury should answer the first issue 'Yes;' if the jury should not so find, they will answer the first issue 'No.' "

4. "It was the duty of the plaintiff to exercise reasonable and ordinary care to avoid danger, and if the plaintiff by the exercise of ordinary and reasonable care could have seen the danger in time to have escaped the danger, then he would be guilty of contributory negligence and the jury would answer the second issue 'Yes.' If the jury should not so find, they will answer the second issue 'No.' " To each of said instructions defendant duly excepted and assigns the same as error.

His Honor instructed the jury in regard to the elements of damage and measure thereof which plaintiff was entitled to recover, if the first and second issues were answered in his favor, to which there was no exception. At the conclusion of his charge his Honor said: "This is the law in this case, gentlemen. Take the case and say how you find."

Defendant assigns as error: "That his Honor failed in his charge on the second issue to the jury to explain contributory negligence or to define ordinary care; and that his Honor failed to charge the jury that if the plaintiff was injured by the negligence of a fellow-servant, and such negligence was the proximate cause of the injury, then plaintiff could not recover, and the jury would answer the first issue 'No.' "

We do not find any error in his Honor's statement of the law in respect to the measure of duty which the employer owes to his servants or employees. The formula adopted by his Honor has been approved by this Court and is sustained

by Sherman & Red. on Neg., sec. 189; 20 Am. & Eng. Ency., 55. The definition of negligence is that given in *Railroad v. Jones,* 95 U. S., 442; Sher. & Red. on Neg., 1, and expressly approved by this Court in *Bradley v. Railroad,* 126 N. C., 735; 21 Am. & Eng. Ency., 458. The third instruction is but an application of the general principle to the testimony and we think entirely correct. There was evidence, if believed by the jury, to sustain the hypothesis submitted to them.

We find no error in the fourth instruction in regard to contributory negligence. The exception is directed rather to the failure of his Honor to explain contributory negligence and define ordinary care to the jury.

We have carefully considered this exception made by defendant and the authorities cited. ' Certainly the instruction upon the second issue does not conform to the ruling in *State v. Boyle,* 104 N. C., 800, but that case has been expressly overruled by this Court in *State v. Beard,* 124 N. C., 811. It is clear that if the Judge undertakes to charge the jury he must do so correctly, which involves the proposition that he must not omit any material element in the definition of a principle or rule of law. There can be no valid criticism of his Honor's statement of the measure of the plaintiff's duty to use reasonable care to avoid injury. He further said: "If the plaintiff by the exercise of ordinary and reasonable care could have seen the danger in time to have escaped the danger, then he would be guilty of contributory negligence." The charge must be read as it was heard by the jury in the light of and with reference to the testimony. His Honor was not dealing in abstractions. The contention of the defendant was, and there was evidence tending to sustain it, that defendant had been warned not to work with his back to the side of the mountain, and that as the rock rolled down someone "hollered," and others working near to him got out

of the way and were not injured. From this testimony the counsel had, we assume, argued to the jury that if plaintiff had worked with his face to the mountain side, or had been on the lookout, he would not have been injured, and it was with reference to this evidence and argument that the instruction was given. It was clearly correct. If defendant had desired to have the jury instructed with more particularity he should have so requested. Referring to a similar exception made in *Kendrick v. Dellinger,* 117 N. C., 491, *Avery, J.,* says: "In the absence of a more specific request, it is not such error as the defendant could avail himself of to instruct the jury in the general terms employed by the Court." In regard to the failure of the Judge to make any ruling upon the law of fellow-servant, it would seem that he was not requested to do so. If he had been, the testimony seems to exclude the defense, as the person whose duty it was to give the warning or to provide for it being given, was the superintendent of the quarry and not a fellow-servant. Upon a careful examination of the record we find no reversible error, and the judgment must be

Affirmed.