SIMMONS v. DAVENPORT.

(Filed February 27, 1906).

*Attorney and Client—Contracts—Compensation—Specific Instructions.*

1. Where the jury found that the plaintiffs were employed by the defendant as attorneys to represent him and take care of his interest, and that they rendered services to him under the contract, they were entitled to recover what their services were reasonably worth, there being no stipulation as to the amount the plaintiffs were to receive; and it makes no difference whether the issue "Did defendant knowingly accept the benefit of such services?" was answered or not.

2. If a party desires fuller or more specific instructions than those given in the general charge, he must ask for them and not wait until the verdict has gone against him and then, for the first time, complain of the charge.

ACTION by F. M. Simmons and others against B. B. Davenport, heard by *Judge Jas. L. Webb* and a jury, at the May Term, 1905, of the Superior Court of CRAVEN.

Plaintiffs sued the defendant to recover an amount alleged to be due for professional services rendered by them at his request in collecting a debt held by him against an insolvent bank. Defendant denied that he was indebted to the plaintiffs. There was evidence tending to show that plaintiffs had rendered the services at the request of the defendant, and that the latter had received the benefit of them and had refused to pay what they were reasonably worth, and there was some evidence, on the part of defendant, tending to show that while the plaintiffs were the attorneys of the other creditors of the bank, they had not been retained by the defendant. There was also evidence that defendant had frequently consulted with one of the plaintiffs about the collection of his claim, going to his office for that purpose, where defendant was seen in consultation with him. A clerk of the plaintiffs copied a release which defendant was to give to Mr. Blades, trustee of the bank, and about which he had received advice from the plaintiffs. There was much other evidence to sustain the plaintiffs' contention that they had been employed by defendant and rendered the services with the undertsanding that they should be compensated for them. In the view we take of this case, it is not necessary to set out the evidence more in detail. The following are the issues with the answers thereto:

1. "Did the defendant employ Simmons & Ward as attorneys in the matter in dispute? Yes."

2. "Did plaintiffs render for defendant the services alleged to have been performed? Yes."

3. "Did defendant knowingly accept the benefit of such services? Yes."

4. "What was the value of plaintiffs' services? Seventy-five dollars."

The only exceptions taken were to the charge. The court instructed the jury in substance that the burden upon all the issues was upon the plaintiff and that they must satisfy the

jury by a preponderance of the evidence as to them. The court then referred to each issue separately and repeated the instruction as to the first and also as to the second issue which it had given as to all of the issues, and stated further that, if the plaintiff had satisfied them by the greater weight of the evidence, the defendant had employed the plaintiffs to represent him and consulted with them, they should answer the first issue "yes," but if they were not so satisfied, they should answer it "No," and the same was said, with the necessary changes, as to the second issue. The court merely read the third issue to the jury without making any separate comment thereon or giving any instruction in regard to it, other than that contained in the general charge upon all the issues. Upon the fourth issue the court charged that it was for the jury to say how much, if anything, the plaintiffs are entitled to recover and whether the amount stated by the witnesses was a reasonable compensation for the services rendered. That the jury must consider the evidence upon this question and say what amount the plaintiffs should receive for their services. The defendant excepted to the instructions upon the first, second, third and fourth issues. There was a judgment upon the verdict and defendant appealed.

O. H. Guion and E. M. Green for the plaintiffs.
W. D. McIver for the defendant.

WALKER, J., after stating the case: We do not see upon what ground the defendant can complain of the instructions of the court. If the plaintiffs were employed by the defendant as attorneys to represent him and take care of his interests, and they rendered services to him under the contract, they were entitled to recover what their services were reasonably worth, there being no stipulation as to the amount the plaintiffs were to receive, and it can make no difference, in this view of the case, whether the third issue was answered

or not, there being enough left, if that issue had not been answered, to support the judgment. *Sprinkle v. Wellborn,* 140 N. C., 163. But we think the jury must have understood the court to charge as to the third issue that the burden was on the plaintiffs to satisfy them by the greater weight of the evidence that the defendant had accepted the benefit of plaintiffs' services. Besides, there was no serious controversy as to the fact that the defendant had been benefited by what plaintiffs had done. As to the first and second issues, the charge was correct as to the burden of proof and sufficient in other respects to inform the jury as to the quantum of proof required of the plaintiffs to establish the affirmative of those issues, and it was also correct as to the fourth issue. The evidence was so simple that the jury could hardly have been misled by the charge as to the true inquiry involved in each issue. The defendant did not ask for any special instructions, nor did he request the court to amplify its instructions or to present the case in any particular manner to the jury or to charge as to any principle of law he may have thought should be considered by the court and explained. In the absence of any such request, we cannot say that it was reversible error for the court to have charged in the general terms employed by it, especially in a case like this one, which involves so little complication that a jury could not well have misunderstood the legal aspect of the matter. If a party desires fuller or more specific instructions, he must ask for them and not wait until the verdict has gone against him and then, for the first time, complain of the charge. *Kendrick v. Dellinger,* 117 N. C., 491; *McKinnon v. Morrison,* 104 N. C., 354; *State v. Debnam,* 98 N. C., 712; Clark's Code (3 Ed.), pp. 535 and 536.

The decision in *State v. Boyle,* 104 N. C., 800, upon which the defendant's counsel relied, has no application to the point now being discussed, namely, that the charge was too general. In *State v. Boyle,* there was a prayer for special instructions.

The case was fully explained and the erroneous impression in regard to it corrected in *State v. Pritchett,* 106 N. C., 667; *State v. Brady,* 107 N. C., 822; *McCracken v. Smathers,* 119 N. C., 620, and especially in *Boon v. Murphy,* 108 N. C., 187. In subsequent decisions it has been treated as overruled. *State v. Beard,* 124 N. C., 813; *State v. Edwards,* 126 N. C., 1051; *State v. Kinsauls,* 126 N. C., 1095; *Turrentine v. Wellington,* 136 N. C., 312. Whatever may be its real status, it has been so frequently disapproved, and so much has been said against it, that it may now be considered no longer of any value as a precedent. The rule which requires that the complaining party should ask for specific instructions if he desires the case to be presented to the jury by the court in any particular view, does not of course dispense with the requirement of the statute that the judge shall state in a plain and correct manner the material portions of the evidence given in the case and explain the law arising thereon. Revisal, section 535; *State v. Kale,* 124 N. C., 816. But a party cannot ordinarily avail himself of any failure to charge in a particular way, and certainly not of the omission to give any special instruction, unless he has called the attention of the court to the matter by a proper prayer for instructions. So if a party would have the evidence recapitulated or any phase of the case arising thereon, presented in the charge, a special instruction should be requested. *Boon v. Murphy,* 108 N. C., 187. In the last cited case the court held, citing *State v. Lipsey,* 14 N. C., 486, and *State v. Haney,* 19 N. C., 390, that "the judge is not bound to recapitulate all the evidence to the jury; it is sufficient for him to direct their attention to the principal questions which they have to investigate and to explain the law applicable to the case, and this particularly when he is not called upon by counsel to give a more full charge." In *Boon v. Murphy* the respective duties of the judge and counsel under the Act of 1796 (Revisal, section 535,) are clearly and fully defined and it is now commended

as a safe guide in practice. That case and *State v. Pritchett,* 106 N. C., 667, and *McCracken v. Smathers,* 119 N. C., 620, seem to be directly in point in this case and to dispose of the defendant's objection to the general terms in which he alleges the charge of the court was couched. There was no error in the trial of the case.

No Error.