McD. PATE v. THE SNOW HILL BANKING AND TRUST COMPANY.

(Filed 26 February, 1913.)

1. Appeal and Error — Instructions — Omission to Charge—Special Prayers for Instruction.

An exception that the trial judge failed to charge the jury upon a certain phase of the case can only be taken advantage of on appeal by an exception to his failure to give a requested instruction thereon.

2. Same—Evidence of Deposit—Check Stubs—Prima Facie Case— Questions for Jury.

The plaintiff sued a bank for an alleged deposit therein which he claimed the defendant had failed to credit to him, and put in evidence his check book stubs whereon the proper officer of the bank had credited the plaintiff two sums in the same amount at different times on the same day, the plaintiff's bank book only showing one credit in that sum: *Held*, the entries on the stub were not so controlling or conclusive that the jury could not find as an independent fact that the second deposit was or was not made by the defendant, leaving both entries to their consideration; and the plaintiff was not entitled to an instruction that the entries made a *prima facie* case, especially as he had not requested it by a special prayer for instruction.

APPEAL by plaintiff from *Cline, J.*, at September Term, 1912, of GREENE.

*George M. Lindsay* for plaintiff.
*L. V. Morrill* for defendant.

PER CURIAM. This is an action to recover the balance of a deposit alleged by the plaintiff to have been made on 17 December, 1910, with defendant, the balance which plaintiff claims being $1,105.59. Plaintiff alleges that he made two de-

PATE v. BANK.

posits on this date, each in the amount of $1,392.35, one in the morning and the other in the afternoon of the same day. Defendant denied this allegation, and alleged that plaintiff made only one deposit of $1,392.35, in the morning of 17 December, 1910. If this is true, plaintiff is indebted to defendant in the sum of $286.76, but if plaintiff's allegations be true, the defendant owes him $1,105.59, the difference between the amount of the second deposit and the said balance of $286.76, which he would owe the defendant if his allegation is not true and which was pleaded as a counterclaim. The jury returned the following verdict:

1. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: Nothing.

2. Is the plaintiff indebted to the defendant upon its counterclaim, and if so, in what amount? Answer: $286.76.

The court instructed the jury that it was largely a question of fact. If the jury found from the evidence according to plaintiff's allegations and his account of the transaction, then the first issue should be answered "Yes, $1,105.59," and the second issue "Nothing"; but if they found the other way, their answer to the first issue would be "No," and to the second issue "Yes, $286.76." The plaintiff excepted upon the ground that the presiding judge should have charged that the entry of both deposits on the stub of plaintiff's check book by the cashier was *prima facie* evidence that the deposits were made. No such instruction was requested by the plaintiff, and, in the absence of a special prayer, the omission to so charge, there being no affirmative error, is not ground for reversal, even if plaintiff would have been entitled to the instruction. *McKinnon v. Morrison,* 104 N. C., 354; *Simmons v. Davenport,* 140 N. C., 407. The instruction to which exception was taken merely meant that the entries were not so controlling or conclusive as to prevent the jury from finding, as an independent fact, that the second deposit was or was not made by the plaintiff, though the jury had the right to consider them. Plaintiff's pass book did not show the deposit, and did not correspond with the check book. A careful examination and analysis of the testimony impresses us with the belief that the two entries

represented in fact but one deposit, and that, therefore, there was a mistake in the entries on the check book. It is a singular coincidence that the plaintiff, who had not counted the money before he carried it to the bank, should have had two parcels of precisely the same amounts—even to the cents. The verdict appears to be correct upon the merits, and the proceedings are free from error.

No error.