REED COAL COMPANY v. A. A. FAIN AND W. E. HOWELL.

(Filed 31 May, 1916.)

**1. Instructions—Requested Prayers.**

When a requested instruction is substantially given in the general charge, without weakening its force, this is sufficient.

**2. Same—Appeal and Error.**

When a charge by the court to the jury is correct, if construed as a whole, apparent error in a part thereof, taken disconnectedly, is not reversible; and when a particular phase of the controversy has been omitted from the general charge, exception must have been taken upon the refusal of a proper prayer covering this phase before the omission will be considered on appeal.

**3. Partnership, Scope—Contracts—Individual Liability—Trials—Evidence—Questions for Jury.**

A partnership is not ordinarily bound by the contracts of a partner not within the scope of the objects of the partnership, for his own benefit, and where a firm of druggists, not dealing in coal, had ordered a car-load of coal in August, which it had used and paid for, and there is evidence that a member of the firm, on the firm's stationery and in the firm's name, had ordered for his own use a car of coal from the plaintiff for each of the months of September, October, November, and December, without the knowledge of the other partner, and of which neither he nor the partnership business received benefit, it is sufficient to sustain a verdict of the jury exonerating the other partner, and the firm, as such, from liability.

CIVIL ACTION tried before *Ferguson, J.,* and a jury at January Term, 1916, of CHEROKEE.

Defendants were partners in the drug business and on 25 August, 1910, bought one car-load of coal from the plaintiffs, who were coal dealers at Knoxville, Tenn. They paid the price of the same, which was

$71.05. When the coal was received by defendants, they used some of it at their homes and the rest was used in the stores. In the months of September, October, November, and December of the same year plaintiff received orders, written on letter-heads of Fain & Howell, for one car-load in each month, amounting in all to $414.26, on which $150 was paid, but it does not appear that any of this amount was paid by the defendants' firm, or A. A. Fain, and there is evidence tending to prove that a part of it, at least, was paid by Howell. The balance claimed by the plaintiff is $264.26. There was evidence tending to show that A. A. Fain, one of the partners in the drug firm, knew nothing of the transactions in the months of September, October, November, and December, 1913, and there was further evidence from which the jury might reasonably infer that Howell was using the firm name in ordering the coal in those months without any authority from the firm or his partner, A. A. Fain, and that neither the latter nor the firm received the coal, or any benefit therefrom, but that it was sold for the sole account of Howell, through one L. F. Beal, and that it was really an individual and not a partnership transaction, conducted by Howell in the firm's name, for his own benefit. There was also some evidence of the liability of the defendant A. A. Fain, as a partner, for the coal.

The plaintiff requested that the following instructions be given to the jury:

1. That one partner has the right to bind the firm by his order for goods, even though they may be of different kinds from the goods usually dealt in by the firm.

2. That the plaintiff has the right to rely upon the defendants' letter-head and the signature of the firm to the letter as evidence that the members of the firm *bona fide* made the order and were bound thereby.

The letter-heads showed that Fain & Howell was a drug firm.

These prayers of the plaintiff will be considered in the opinion. Judgment by default was entered against W. E. Howell.

The jury rendered a verdict for the defendant A. A. Fain, and from the judgment thereon the plaintiff appealed.

*M. W. Bell for plaintiff.*
*Dillard & Hill, O. L. Anderson. and J. D. Mallonee for defendants.*

WALKER, J., after stating the case: The instructions requested by the plaintiff were substantially given by the court, and more strongly in plaintiff's favor than if the language of the prayers had been adopted. It is not necessary that the court should use the words of the prayer, and an instruction, in answer to a request, is sufficiently responsive if it contains the substance of it, and does not weaken its force. *Baker v. R. R.,* 144 N. C., 36; *Marcom v. R. R.,* 165 N. C., 259. There is another

rule in regard to instructions of the court, that they are to be construed as a whole. "We are not permitted to select detached portions of the charge, even if in themselves subject to criticism, and assign error to them, when, if considered with the other parts of the charge, they are readily explained and the charge in its entirety appears to be correct. Each portion of the charge must be construed with reference to what precedes and follows it, and this is the only reasonable rule to adopt." *Kornegay v. R. R.,* 154 N. C., 392; *In re Drainage District,* 162 N. C., 127. It also is a familiar rule that if a party desires a more particular charge on any given question, or to present by an instruction any special phase of the case arising upon the evidence, he should bring the matter to the attention of the court by a special instruction. *Simmons v. Davenport,* 140 N. C., 407; *Gay v. Mitchell,* 146 N. C., 509.

We are sure that the jury under the evidence and instructions of the court have reached the right conclusion upon the legal merits of the case. They have evidently found, considering the evidence and the charge, that the contract for the purchase of the car-loads of coal, for the price of which this action was brought, was not that of the firm of Fain & Howell, but the sole contract of the defendant Howell, and judgment has been rendered against him, as he did not contest the plaintiff's right to a recovery against himself.

A car-load of coal had been purchased by the firm in August, 1910, for the private consumption of the partners and the firm, and not for resale. The partnership had not gone outside its usual and regular line of business as a drug firm to engage in the purchase and sale of coal. They bought the car-load just as any other private consumer would buy one for his own use, and not for the purpose of selling it and making a profit. The plaintiff, by the letter-heads, must have known that Fain & Howell were conducting a drug and not a coal business, and they would hardly need such a large quantity of coal for such a purpose. At any rate, the jury could take this view of the matter, and it seems that they did so. There is really no evidence that Fain profited in the least by the purchase of the coal, which was made by Howell for the sole benefit of himself or the joint benefit of himself and L. F. Beal, nor does it appear that Fain or the firm of Fain & Howell used any of the coal or received any benefit therefrom. There was no express authority given to Howell to buy the coal.

Mr. George in his work on Partnership (1897), p. 213, thus states the principle as to the liability of a partnership for the acts of a member of the firm done under an implied authorization: *"Prima facie,* a partner has implied authority to bind the firm by any act necessary for carrying on the business in the ordinary manner. Unless limited by agreement between the partners, this implied authority is actual; when it is so limited, such authority is only apparent. A partner has power to bind the

firm by any act within his express or implied authority, either actual or only apparent, provided the person with whom he deals acts *bona fide*, and without notice of the limitation of his authority." *Winship v. Bank,* 5 Peters (U. S.), 529, 560; *Irwin v. Williar,* 110 U. S., 499. *Chief Justice Marshall* in the *Winship case* states the general rules relating to the liability of a partnership for acts of the partners with his usual force and accuracy.

The implied authority of a single partner does not extend to transactions beyond the scope and objects of the partnership. These large and repeated orders for the shipment of coal are not such as are ordinarily made in the conduct of a drug business, as usually carried on among the people generally, but the jury have settled that question against the plaintiff, and he must be satisfied with the judgment against the defendant, who was the real customer and as such solely responsible to it.

No error.