H. W. AND J. C. WEBB v. J. C. ROSEMOND.

(Filed 25 October, 1916.)

**1. Appeal and Error—Trials—Distinct Theories.**

A party is not permitted to try his case in the Superior Court on one theory and have it determined in this Court, on appeal, upon an entirely different one.

**2. Appeal and Error—Objections and Exceptions—Instructions—Special Requests.**

Exception that a charge by the judge was not sufficiently full or explicit, or that it did not cover a phase of the controversy, should be taken to the refusal of the court to give requests for special instructions aptly tendered.

**3. Contracts—Statute of Frauds—Orders to Pay Moneys—Wages—Parol Evidence—Waiver.**

An order to pay laborer's wages for sawing logs is not required by the statute of frauds to be in writing; but where the statute is applicable, the admission of parol evidence, without objection, will be deemed a waiver of rights thereunder.

**4. Evidence—Burden of Proof—Trials—Instructions.**

In this action to hold the drawer of an order primarily responsible to the plaintiff, a third person who had cashed them, the burden of proof was properly placed on the plaintiff, under the instructions given.

ACTION tried before *Devin, J.,* and a jury, at March Term, 1916, of ORANGE, on appeal from the court of a justice of the peace.

The plaintiffs alleged liability of the defendant on certain cedar log orders, to the amount of $199, under the circumstances and conditions set out in the evidence. The defendant denied any liability. There was a verdict in favor of defendant, judgment, and appeal by plaintiff.

*J. W. Graham and A. H. Graham for plaintiff.*
*Frank Nash for defendant.*

PER CURIAM. There was evidence tending to show that the defendant had agreed to pay to parties, who cashed the same, the amount of orders given to divers persons for cedar logs, which had been delivered to defendant, who sawed them for Massey-Walker Lumber Company of Roanoke, Va. As the logs were delivered to defendant, he would give a written order to the party, who delivered them, in the following form:

HILLSBORO, N. C.

Pay to John Doe five $^5\%_{00}$ dollars for cedar logs.

(Signed)    J. C. ROSEMOND.

In the margin of the order were these words: "Present or mail to Massey-Walker Lumber Company, Roanoke, Va."

Plaintiffs introduced evidence tending to show that defendant had requested plaintiffs to cash some of the orders, promising if they would do so that he would see them paid, and that they did cash orders amounting to $199, which had not been paid by defendant nor the Massey-Walker Lumber Company. Defendant's testimony tended to show that parties who cashed the orders, including plaintiffs, well knew that he was acting only as agent of the Massey-Walker Lumber Company and was assuming no personal liability upon the orders either to the parties to whom they were made or to those who cashed the same for said parties, nor had he promised the latter that he would pay the same to them. Plaintiffs' testimony also tended to show that Rosemond was not acting as agent merely for the Massey-Walker Lumber Company, but was acting for himself in carrying on the business of buying and sawing cedar and other kinds of logs, and for this reason he had made the promise to pay the same to plaintiffs who had cashed the same, at his special request and relying upon said promise.

The court charged the jury as follows:

"1. If you find from this evidence, and by the greater weight thereof, that defendant Rosemond entered into an agreement with these plaintiffs, H. W. and J. C. Webb, whereby plaintiffs were to cash these orders issued to persons from whom he purchased logs and lumber or posts with the agreement that he would see them paid, and that this agreement was the original obligation of Rosemond, credit being given to him therefor, and if, in pursuance of such agreement, orders for the payment of money to different persons in the sum of $199 were cashed by plaintiffs, those orders being drawn and signed by J. C. Rosemond—if you find these to be the facts, it will be your duty to answer the issue $199 and write the figures $199 under the same.

"2. If you find the plaintiffs were cashing these orders for the Massey-Walker Lumber Company, and that the agreement between the plaintiffs and defendant in effect was that Rosemond was agent of the Massey-Walker Lumber Company, and was to certify the amount in these orders for lumber for which Massey was to pay, and for which Massey was paying, and the plaintiffs undertook, in effect, to cash the orders for them and to act as fiscal agent for Massey, the defendant would not be liable; and if you so find, it would be your duty to answer the issue 'No' or 'Nothing.'"

54—172

There was evidence in the case to support the view of the case as stated in the two instructions set forth above. The court stated fully the contentions of the parties with respect to the issue between them as indicated in the said instructions. There was no request, at any time during the trial, to state any other contention nor was there any objection, during the trial and before verdict, to make any other or further statement of the contention, nor was there any prayer for instructions of any kind, and no objections to the course of the trial, save one, until after it was concluded and the jury had rendered the verdict, nor until defendants filed exceptions to and assigned errors in the charge.

The case was tried throughout before the jury on the theory that the plaintiffs had cashed the orders upon the defendant's express and original promise to pay the same if the Massey-Walker Lumber Company failed to do so. There are several reasons, as we think, for affirming the judgment.

First. A party is not permitted to try his case in the Superior Court upon one theory and ask us to hear it here upon another and different theory. It has been an invariable rule with us to hear a cause here according to the theory upon which it was tried in the Superior Court. *Allen v. R. R.,* 119 N. C., 710; *Warren v. Susman,* 168 N. C., 457, and *Coble v. Barringer,* 171 N. C., 445, 447, where the cases are collected. It was said in *Allen v. R. R., supra:* "While we are not bound by an erroneous admission of a proposition of law, we must have respect to the manner in which parties present and try their cases." The reason for this rule is an adequate one, as any other course would be unjust to the judge who presided at the trial and to the appellant, and, besides, where a party has selected the ground upon which he will wage battle before the jury, and has had a fair chance of winning on his chosen field, he should not be allowed to have another chance, after losing, by shifting his ground in this Court to some other position, which he had not taken when he had a fair opportunity of doing so. He may have thought it wise to risk his fortunes upon a single strong position rather than take another also, which might tend to weaken it. But whatever the reason was, he can have, here, only the one chance.

Second. If a party desires an instruction upon a phase of the case which is not presented in the charge, or as fully stated as he may think it should be, his remedy is to request a special instruction in regard to it. *Simmons v. Davenport,* 140 N. C., 407. It was there said: "A party cannot ordinarily avail himself of any failure to charge in a particular way, and certainly not of the omission to give any special instruction, unless he had called the attention of the court to the matter

by a proper prayer for instructions. So if a party would have the evidence recapitulated or any phase of the case arising thereon presented in the charge, a special instruction should be requested." *Boon v. Murphy,* 108 N. C., 187. "It also is a familiar rule that if a party desires a more particular charge on any given question, or to present by an instruction any special phase of the case arising upon the evidence, he should bring the matter to the attention of the court by a special instruction." *Coal Co. v. Fain,* 171 N. C., 646, 648; *Gray v. Mitchell,* 146 N. C., 509. The cases sustaining the rule are numerous. *McKinnon v. Morrison,* 104 N. C., 354; *Pate v. Bank,* 162 N. C., 508; *Monds v. Town of Dunn,* 163 N. C., 109. The case of *Pate v. Bank, supra,* is somewhat analogous to this one, and there it was said: "The plaintiff excepted upon the ground that the presiding judge should have charged that the entry of both deposits on the stub of plaintiff's check book by the cashier was prima facie evidence that the deposits were made. No such instruction was requested by the plaintiff, and, in the absence of a special prayer, the omission to so charge, there being no affirmative error, is not ground for reversal, even if plaintiff would have been entitled to the instruction," citing *McKinnon v. Morrison, supra,* and *Simmons v. Davenport, supra.* The plaintiffs now insist that the court should have presented the view to the jury that defendant was liable on the written orders, whether the special promise to pay them was made by him or not; but if they desired this to be done they should have called it to the judge's attention by a special prayer, and in the absence of one, it is to be presumed that they did not desire that phase presented to the jury, but preferred to rely on the promise alone.

Third. All of the evidence as to the real contract between the parties was admitted without objection, and, therefore, the judge might well submit it to the jury, even if he would have excluded it if objection had been made in due time. This is not a case where the agreement, or some memorandum thereof, is required by the statute of frauds to be in writing. If these orders are that kind of a written contract which could not be explained, varied, or contradicted by parol, the rule of evidence governing such a case can be waived by allowing the testimony to come in without objection. In this view, even if the judge should, upon request duly made, have charged that defendant was liable on the orders, he should not have done so without directing the attention of the jury to the testimony as to the true agreement. They have evidently found, under the evidence, that Rosemond was acting not for himself, but as agent of Massey-Walker Lumber Company, and that the orders were drawn with the marginal direction, "Present or mail to Massey-Walker Lumber Company, Roanoke, Va.," so as to

indicate the true relation of defendant to the transaction. But whatever view we take of the case, there was no objection to the testimony and no prayer for instructions. It is too late, after verdict, to complain of the result.

The charge of the court, as to the burden of proof, was correct, as it merely stated that the burden was upon the plaintiff to show "that the defendant is indebted to them, and as to the amount thereof." That embodied the very form of the issue, which was, "Is the defendant indebted to the plaintiffs, and if so, in what amount?" So that the instruction was equivalent to saying that the burden of the issue was upon the plaintiffs.

We find no error in the case, and certainly no reversible error.

No error.