## J. W. SEARS v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 15 October, 1919.)

1. **Instructions — Contentions — Appeal and Error—Objections and Exceptions.**

   Objection that the trial judge stated the contentions of the adverse party more fully than those of the appellant to his prejudice should be made at the time by calling the attention of the judge to the omissions claimed that he had made, and comes too late after verdict.

2. **Instructions—Requests—Additional Instructions—Appeal and Error.**

   Other instructions than those given by the trial judge should be especially requested, and exceptions taken to their refusal to be available on appeal.

3. **Instructions—Inadequacy—Statutes.**

   Exceptions in this case that the charge of the trial judge was inadequate, and not in compliance with Rev., sec. 535, are not only untenable but too general. *Blake v. Smith*, 163 N. C., 274, cited and distinguished.

ACTION for damage tried before *Calvert, J.,* and a jury, at March Term, 1919, of PENDER.

The plaintiff alleged that he had recently been married; that he had been for a short while at the seashore with his bride, and started on his first trip to visit his parents after the marriage; that he arrived a little late at the station in Wilmington, N. C., but in time to get his ticket and to get on the train; that his wife had gotten on and that he was getting on, with suitcases and other impedimenta in his hands, when the conductor abused him and pushed him off the train, and he fell upon the ground and was injured; that he was left behind, and suffered excruciating mental agony for fear his wife should be grieved at his failure to accompany her. He admitted that his people met her at the proper station, Watha, N. C., with a conveyance and took her out home. He says that it cost him $1.50 for hotel accommodation, and that he went home the next morning. The conductor told him that he was on the wrong train and shoved him off rudely.

The defendant denied these allegations, and especially denied that the conductor or any other employee of the defendant used abusive language to the plaintiff and pushed him off the train.

Both sides offered evidence, which appears in full in the record. Issues were submitted to the jury, and the jury answered in favor of the plaintiff, and assessed his damages at $500. Counsel for defendant moved to set aside the verdict upon the ground that the damages were grossly excessive, which was denied. Counsel then moved for a new trial for error in the charge. The record discloses that both sides offered considerable testimony in support of their respective contentions. Plain-

Sears *v.* R. R.

tiff's counsel argued strongly, persuasively and successfully, as defendant alleges, but this he had a right to do, and it was his duty, in loyalty to his client, that it should be done. It is not contended that he exceeded the limit of fair and legitimate debate. Defendant's counsel urged that plaintiff's statement of the facts was unreasonable; that unless there was some animus on the part of the employees against him they could not, and would not, have shoved him off the car, especially if he had gotten on it; that the transaction had occurred several years previously and that plaintiff had forgotten the details; that the truth is that plaintiff, as he himself admits, had arrived late and had to go to the baggage room to get his luggage, which had been brought up from the beach, and that if his story had been true his wife, who was also called as a witness, would have testified to the act of violence. Defendant also argued that it had called both the conductor and the flagman of the train, which plaintiff alleges he took, and both of them denied plaintiff's statement. Defendant further argued that Miss Newton was a friend and neighbor of the plaintiff; that she had seen the plaintiff the morning after he had gotten left, and that she ought to be believed when she stated that the plaintiff had told her the next day that the reason he had gotten left was that he was late and had to go to the baggage room for his luggage, and that the burden of proof was upon the plaintiff and that it had not been sustained.

There was a verdict for plaintiff, as above stated, and judgment. Defendant appealed.

*C. E. McMullen for plaintiff.*
*Rountree & Davis for defendant.*

Walker, J., after stating the case: It is assigned as error that the court did not summarize the defendant's contentions but stated the plaintiff's rather fully, and that the court laid special stress upon the issue as to damages, which led the jury to believe that there should be a recovery. We state the exceptions in defendant's own words, as they appear in its brief:

"The defendant assigns as error the charge of the court, and particularly the following:

" 'On the other hand, the defendant contends that you cannot so find from the evidence and by the greater weight of it. The defendant contends that you should find from the evidence that the plaintiff and his wife were late and that he put his wife on board the train and then went back to get tickets and baggage, and that before he returned to the train that the train had left.'

"The defendant submits that this charge of the court is inadequate and not in compliance with the statute, section 535, which is as follows:

" 'He shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon.'

"The only question in the case then is whether the charge of the court is sufficient, under Rev., sec. 535, the last clause of which reads:

" 'But he shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon.'

"We insist that there was an utter failure of the court to comply with that provision of the statute."

We are not persuaded that the criticism of the charge in the respect indicated is justified, but if it is, we have held repeatedly that such objections must be taken promptly or at the proper time, so that the judge may have opportunity to make the needed correction, if he had misstated the contention of either party. In the absence of any such action on the part of the appellant at the trial we must assume that it was satisfied with what the judge had done. *Mfg. Co. v. Building Co.,* 177 N. C., 103; *Alexander v. Cedar Works, id.,* 138.

But we do not think that in this case the statement of the plaintiff's contentions and the statement of the defendant's were so unequal as to bring the case within the principle of *Jarrett v. Trunk Co.,* 144 N. C., 299, and *Lea v. Utilities Co.,* 176 N. C., 511, 514. The defendant's contentions were sufficiently stated, so far as appears, and especially is this true in the absence of any suggestion at the time from the defendant that it was not so. We have no doubt that if the matter had been brought to the judge's attention he would have added any other contention of defendant which had been inadvertently omitted. The invariable rule is that if other instructions than those given are desired there must be a special request for them. *Simmons v. Davenport,* 140 N. C., 407; *Davis v. Keen,* 142 N. C., at p. 502; *Ives v. R. R.,* 142 N. C., 131; *Turrentine v. Wilmington,* 136 N. C., 313; *S. v. Kinsauls,* 126 N. C., 1097. We said in *Davis v. Keen, supra:* "Any omission to state the evidence or to charge in any particular way should be called to the attention of the court before verdict, so that the judge may have opportunity to correct the oversight. A party cannot be silent under such circumstances and, after availing himself of the chance to win a verdict, raise an objection afterward. He is too late. His silence will be adjudged a waiver of his right to object." The defendant did not ask for any additional statement of its contentions, but elected to abide by the one made by the court, and there was no complaint until the verdict had been returned. This is too late. Silence seems to give consent. The case of *Blake v. Smith,* 163 N. C., 274, is not an authority in favor of defendant's position. There the judge only said to the jury, "Take the

case and settle it, as between man and man." There was no attempt to instruct the jury, but it was simply leaving it to them to decide the issues "as between man and man," without any rule or principle *at all* to assist them. But in the opinion it was said by the Court: "The manner in which the judge is to state the law and evidence for the assistance of the jury must necessarily be left, to a great extent, to his sound discretion and good sense." And in *S. v. Beard,* 124 N. C., 811, the Court stated the same rule: "The manner in which the judge is to state the law and assist the jury to apply the law to the facts must be left, to a great extent, to the good sense and sound judgment of the judge." We cannot sustain the exception.

No error.