JAMES A. DUGUID v. J. C. RASBERRY and G. T. GARDNER.

(Filed 8 March, 1922.)

**1. Evidence—Trusts—Contracts—Questions for Jury—Trials.**

The purchaser at a public sale assigned his bid to a real estate company, which paid the purchase price under a written agreement that the land be sold, the purchase price repaid to it, with interest and expenses, and the profits divided in certain proportions, between itself and the assignor of the bid, and the land was thereafter sold at a profit: *Held,* the contract was one in the nature of a trust, and under its terms and the evidence in this case, the questions as to whether the real estate company should have sold the property itself and not have paid another company an apparently unreasonable price for such services, or whether, in fact, it had so paid it, these questions and the reasonableness of the charge, or the amount recoverable, were matters of fact for the jury to determine, with the burden of proof on the defendant, the real estate company.

**2. Instructions—General Terms—Requests—Appeal and Error.**

Where the instructions of the trial judge in general terms correctly cover the evidence in the case, they will not be considered as erroneous as not being more specific in the absence of a proper special request for instructions thereon.

**3. Evidence—Motions—Court's Discretion—Appeal and Error—Weight of Evidence.**

A motion to set aside a verdict as being against the weight of the evidence is addressed to the discretion of the trial judge, and is not reviewable on appeal.

Appeal by defendant from *Lyon, J.,* at the November Term, 1921, of Craven.

The plaintiff purchased at public sale a valuable store-house and lot in the town of Washington, N. C., for $28,750, and transferred his bid to the defendant under a written contract in which the defendants paid the purchase price and agreed that when the property was sold they were to be repaid the purchase price with interest and expenses, and they were to have two-thirds of the profits and plaintiff was to have the other one-third thereof.

The defendants sold the property for $43,168 on time, and filed an account, which included, among other things, an item of $4,316, which they claim was a commission they had paid to an auction company for selling the property. The plaintiff did not dispute any of the items of the account, except the one for commission, claiming that the defendants should have sold the property themselves, as they were real estate dealers, and should not have paid any such sum as $4,316 for selling the same, as they were getting two-thirds of the profits and all actual expenses.

The court submitted an issue to the jury as to what amount was a reasonable one for selling the property, and instructed them, substantially, that if it was not intended or contemplated by the parties that the defendants should employ an auction company to sell the property and it was an unnecessary and unreasonable expense to incur, under the circumstances, and that instead, defendants, being real estate dealers, should have sold the property themselves, then the jury should answer the issue "Nothing." Further, that if the amount paid was unreasonable, the jury should say what was a reasonable amount, and allow only that amount to the defendants for making the sale, if they found that the defendants had employed the auctioneers and paid the money, and if the whole amount was reasonable the jury should allow that amount if it had been paid by the defendants, and it was necessary, or reasonable, to employ an auctioneer to make the sale. That the jury could allow the whole amount claimed, or such part as was reasonable and had been paid.

The jury answered the issue "Nothing."

Judgment was entered on the verdict, and defendants appealed.

*D. L. Ward and E. M. Green for plaintiff.*
*Moore & Dunn for defendants.*

WALKER, J. There would seem to be nothing more than a question of fact in this case. The burden was upon the defendants to show that the amount was not only a reasonable one for services rendered by the auction company, but that they had in fact paid it, and the evidence

upon these two questions was of a most unsatisfactory character. On the bare facts of the case the sum charged in the account against the plaintiff and credited to the defendants, that is, $4,316, would appear to be far beyond what such a service, if rendered, was reasonably worth, and the evidence as to the fact of the payment by the defendants to the auction company was not such as should have been offered by one occupying a position somewhat similar to that of a fiduciary liable to account for money received and disbursed by him. There was no receipt of the auction company introduced in evidence by the defendants. The witness merely stated that the money had been paid, but without showing the receipt for the.same, or calling as witnesses the parties to whom it was paid. The jury either discredited this evidence as to the payment, or decided that the defendants had not produced satisfactory evidence to show what was a reasonable amount to be paid for the service rendered, nor that what was paid, if anything, was reasonable. The contract did not fix the amount, and, in the absence of a more definite agreement between the parties as to the same, the defendants were entitled only to a credit for what the services of the auctioneer were reasonably worth under all the facts and circumstances of the case. 13 Corpus Juris., 791, sec. 1017; *Nordyke v. Kehlor,* 78 A. S. Rep., 600. This question was fairly and fully submitted to the jury by the court in every aspect of it, and the charge was exceedingly fair to the defendants, if not more reasonable to them than they should have expected. It was a question of fact, and the jury, upon the evidence, have decided it against the contention of the appellants.

The court properly overruled the motion for a nonsuit. There were no prayers for special instructions. If the defendants had desired other instructions than those given, which, though general, covered the case, they should have asked for more specific instructions in order to present any view which they thought should be more particularly stated, *Simmons v. Davenport,* 140 N. C., 407, and cases cited in Anno. Ed. But we consider that the jury understood the real merits of the case, and reached the proper conclusion upon the issue and evidence.

If the verdict was against the weight of the evidence, the defendants' remedy was an application to the court to set it aside, but the decision upon such a matter is not reviewable here. But, if it could be revised by us, we are inclined strongly to the opinion that, upon the evidence, the conclusion of the jury was a correct one.

No error.