F. C. YOUNG v. THE VIRGINIA AND NORTH CAROLINA CON-
STRUCTION COMPANY.

*Negligence—Trial—Expression of Opinion.*

1. It was not negligence to use a green round pole as a lever for raising
   and leveling the road-bed of a railroad, although " jacks " and
   other instrumentalities might have been effectively employed;
   and therefore the defendant was entitled to the instruction, " that
   if the jury find that the defendant company was using the ordi-
   nary lever used in such cases, and that the same if used carefully
   by the laborers was safe, and not dangerous, and the plaintiff was
   injured by the careless use by his fellow-servants, it is not negli-
   gence of the company, and the plaintiff cannot recover."

2. It was prejudicial to defendant for the Court to tell the jury that he
   knew of no direct testimony tending to show plaintiff's knowledge
   of the character of machinery used by which he was injured,
   and of his consent to its use, when plaintiff was present and saw
   the pole used, and the manner of its use; and the error was not
   cured by leaving it to the jury to say what were the facts, after
   having called their attention to the contention of defendant's
   counsel in regard to these facts.

This was a CIVIL ACTION tried before *Merrimon, J.,* at Spring
Term, 1891, of MECKLENBURG Superior Court, brought to
recover damages for injury to the plaintiff occasioned by the
alleged negligence of the defendant.

In the complaint it is alleged—

*Third.* That the " boss " or " superintendent," who had
entire control and charge of the hands at work, one Captain
Catlett, was, the day the injury was complained of, raising
cross-ties, etc., and leveling the road-bed, etc. That in rais-
ing the cross-ties certain machines or tools, known as "jacks,"
were used, but they were abandoned on account of their
being unsafe and defective on account of their long use and
on account of the defective material of which they were
made; that the screws to said " jacks " were worn out; that

Capt. Catlett, who had the entire control of the work and hands, abandoned the use of the "jacks" and, instead of getting new and safe "jacks" to do the work, as he had done before, procured a green round pole to be cut of some kind of wood believed to be oak-wood, and, with cross-ties underneath, used the round oak pole as a lever to lift a cross-tie upon which the iron rail was nailed. That the said " boss " aforesaid ordered and commanded the plaintiff to assist and aid in raising the cross tie before mentioned by means of said lever before mentioned; that the plaintiff did not know of the unsafe, defective and inadequate implement used, nor did he know of the unsafe, defective and inadequate manner used in doing the work.. That he was ordered and commanded to come from the gravel train where he had been working with other hands, and before he had time to discover the unsafe, defective and inadequate implement used to do the proposed work, and the unsafe, defective and inadequate manner in which it was to be done, the said " boss " before mentioned commanded and ordered himself and some of the other hands to take hold and to pry the cross-tie, etc.; that he took hold of the pole, with the other hands, and did as ordered and commanded to do, and the pole, which was round and unsafe, defective and inadequate to do the work, slipped and fell with the men on the leg and thigh of the plaintiff, injuring him severely, crushing and mangling him to his great damage. That the defendant knew that the implement used for said work was unsafe, defective and inadequate, and the manner in which it was used was unsafe and dangerous and not suitable for the purpose.

*Fourth.* That at the time aforesaid, and while the plaintiff was employed and engaged in his duties and occupations as a workman on the gravel train, the said pole which was used in prying as before mentioned, and the manner in which it was used, was unsafe, defective, dangerous and not

suitable for the purpose, and that the injury complained of was not by any fault or negligence of the plaintiff.

The answer denied the material allegations of the complaint, and alleged contributory negligence.

The Court submitted to the jury the following issues, to which it responded as indicated at the end of each:

1. Was the plaintiff's injury caused by the negligence of the defendant? Ans. "Yes."

2. Was the plaintiff guilty of contributory negligence? Ans. "No."

3. Did the plaintiff know, or have good reason to know, the nature and character of the implement used by him, and consent to use the same? Ans. "No."

4. What damage has he sustained by reason of such injury. Ans. "$2,000.'

On the trial, the defendant requested the Court to give the jury the following special instruction: "1. That if the jury find that the defendant company was using the ordinary lever used in such cases, and that the same, if used carefully by the laborers, was safe, and not dangerous, and the plaintiff was injured by the careless use by his fellow-laborers, it is not the negligence of the company, and the plaintiff cannot recover."

The Court modified this instruction, "leaving it to the jury to say whether the lever, under the circumstances, was a proper implement to use," and as thus modified, gave it.

"On the third issue, his Honor told the jury that he knew of no witness who gave direct testimony tending to show that the plaintiff knew, or had good reason to know, of the nature and character of the implement used by him, and consent to use the same, and called upon defendant's counsel to point out such evidence, and thereupon the defendant's counsel argued that from the nature of the injury, and the manner in which it was inflicted, and from the fact that the plaintiff could see the lever and the way it was being

used, was evidence from which the jury should infer that he had such knowledge, and the Court called the attention of the jury to this contention of defendant's counsel, and left it to them to say whether, in this view of the evidence, the plaintiff had such knowledge. Defendant excepted."

The Court entered judgment for the plaintiff, and the defendant appealed.

*Mr. H. Clarkson,* for plaintiff.
*Messrs. C. B. Watson* and *P. D. Walker,* for defendant.

MERRIMON, C. J.: The complaint alleges that at the time the plaintiff sustained the injuries complained of, the defendant's laborers (he being one of them) were engaged in "raising cross-ties, etc., and leveling the road-bed," etc. Now, in view of the nature of such employment, and the pole used as a lever in the connection as described in the complaint, and accepting all the evidence in respect to its use as true, we think the Court ought to have told the jury that the pole was an appropriate implement, and not dangerous for the purposes to which it was applied. All the evidence pertinent went to show that the laborers were engaged in raising the track of the road, and that they used the pole to prize it up, placing the end of it under a cross-tie. In its nature the application and use of the pole was simple and appropriate, and the evidence went to prove the same fact. That "jacks" or other instrumentalities might have been employed effectively to raise the track, did not make it negligent to employ the lever—another appropriate means. The Court ought not, therefore, to have modified as it did, the instruction the defendant requested it to give the jury.

The third issue submitted to the jury had reference to whether or not the plaintiff had knowledge of the nature and use of the pole as a lever. As to this, the Court "told the jury that he knew of no witness who gave direct testimony

tending to show that the plaintiff knew or had good reason to know of the nature and character of the implement used by him and consent to use the same, and called upon defendant's counsel to point out such evidence." We think there was such evidence, and that what the Court said in that respect may have misled the jury to the prejudice of the defendant. They saw that the Court was of opinion that there was not such evidence, and after the colloquy with counsel, they saw that the Court was still not well satisfied as to its character. This, no doubt, impressed the jury. There was certainly evidence that the plaintiff was present, the pole was there plainly to be seen, as was also its purpose and application; he was directed to join in its use and he did so. Surely these facts constituted some evidence tending to prove that he knew of the character of the pole he aided in using, and that he consented to help in the use of the same. The pole and its use were simple, easy to be seen and understood at a glance. It may be, however, that the plaintiff did not observe them with scrutiny, though there was evidence that he and the other laborers were cautioned to be careful. But be this as it may, there was evidence appropriate and pertinent to go to the jury without such possible prejudice as to its character and sufficiency.

There is error, and without adverting to other exceptions, we are of opinion that the defendant is entitled to a new trial, and so adjudge.

Error.