JOHN P. NAIL v. BROWN & WILLIAMSON.

(Filed 28 April, 1909.)

1. **Evidence Rejected—Subsequent Offer to Admit—Harmless Error.**
    When the trial judge has excluded certain evidence, which he thereafter, at the close of all the evidence, offered to admit, and there is no suggestion that the witnesses had been discharged, the error, if any, was cured.

2. **Instructions, Special—Offered Too Late—Appeal and Error.**
    It is necessary to offer a prayer for special instruction in apt time, and the refusal of the trial judge to give a correct instruction, when tendered too late, is not reviewable on appeal.

3. **Negligence—Safe Appliance—Selection—Rule of the "Prudent Man."**
    It is culpable negligence. and not a mere error in judgment, which renders an employer liable to the employee injured by reason of the use of an appliance furnished with which to work; and when the employer has selected one of several methods which are approved and in general use, with that degree of care that a person of ordinary prudence would have used, no liability will attach by reason of such selection.

ACTION for personal injury, tried before *Ward, J.,* and a jury, at May Term, 1908, of FORSYTH.

Issues were submitted and answered by the jury, who found the first issue, relating to the alleged negligence of the defendants, in the negative. From the judgment rendered the plaintiff appealed.

*J. E. Alexander, A. E. Holton* and *Lindsay Patterson* for plaintiff.

*Watson, Buxton & Watson* and *Manly & Hendron* for defendants.

BROWN, J. The plaintiff, while working in the factory of the defendants, was injured by the breaking of a belt, causing one of the hooks which fastened the belt together to strike him on the head and embed itself therein. The belt was running parallel with the ceiling, some four or five feet above the head of the plaintiff and some twenty feet from where he was standing. While the machinery was in motion, in the usual manner, the belt parted, with a report like the sound of a gun, the belt hooks flying in several directions, one of them striking the plaintiff. It was the duty of the plaintiff to run the machine. The evidence tended to prove that the belt was nearly new, having been in use only six months at the machine run by plaintiff.

The allegation of negligence, stated in the complaint in different forms of expression, is a failure by defendants to furnish reasonably safe machinery and instrumentalities.

It is admitted in the brief of the learned counsel for plaintiff that the belt was new and without fault, but it is claimed that its ends were fastened together with belt hooks, and that they were not reasonably safe appliances for fastening belts. The negligence averred relates not so much to the quality of the hooks used as to the method employed.

1. Among other exceptions to the evidence, it is contended that his Honor erred in refusing to permit plaintiff to offer evidence tending to prove that on other occasions similar hooks had been seen flying out of the same belt and also out of similar belts.

We find evidence of this character in the record, admitted without objection; and if further testimony along that line was

desired or permissible, his Honor opened the door for it by offering at the close of all evidence to permit plaintiff to offer it.

There is no suggestion that plaintiff had discharged his witnesses at the time; and we therefore think, if the exception had merit in it, the offer of the judge destroys it.

The remaining exceptions to evidence, we think, upon examination, are untenable and need no discussion by us.

2. The plaintiff assigns as error the failure of the court to instruct the jury that if they believed the evidence they should answer the first issue "Yes." This issue relates to the alleged negligence of the defendants. As the plaintiff failed to ask such instruction, "in writing, in apt time," as stated in the record, the trial judge was not bound to give it, even if the plaintiff were entitled to it.

We fail to see, however, upon the evidence, that the plaintiff would have been entitled to any such instruction had he duly asked it.

The employer does not insure the safety of his workmen. He does not contract, expressly or impliedly, to furnish them an absolutely safe place to work in, but is bound only to exercise reasonable care and prudence in providing such a place. He does not contract to furnish the very best appliances, but only such as are reasonably fit and safe for the purposes for which they are used.

He satisfies the requirements of the law if in the selection of his appliances he uses that degree of care which a person of ordinary prudence would use, having regard for his own safety, if he were supplying them for his own use.

Where there is one appliance only which is approved and in general use for performing a certain function, it is the master's duty to use it. Where there are several appliances used for the same purpose, all of which are approved and in general use, the master fills the measure of his duty if he exercises reasonable care in making a selection. It is culpable negligence which makes him liable—not a mere error of judgment. We think this is the consensus of the best authorities. *Horne v. Power Co.,* 141 N. C., 50; *Phillips v. Iron Works,* 146 N. C., 217; *Young v. Construction Co.,* 109 N. C., 618; *Harley v. Car Co.,* 142 N. Y., 31; *O'Neal v. Railroad,* 66 Neb., 638.

IN THE SUPREME COURT.

ALEXANDER v. INSURANCE CO.

Mechanical devices are almost as numerous as medicinal remedies, and the only sure test of either is that of experience. Until that has pronounced a definitive judgment, a master who, in the exercise of ordinary care, selects that which in his opinion is best calculated to accomplish the purpose cannot be held responsible for the consequences. This record discloses that there are four ways of fastening belts—with hooks, leather lacing, wire lacing, glue or cement—all of which methods are approved and in general use. When an employer of labor is confronted with this condition of affairs he cannot be held negligent if he selects one of these known methods.

We think that the instructions of the learned judge are clear and full, and that they fairly and accurately presented to the jury the contentions of the plaintiff and defendants and the law bearing thereon.

No Error.