SAMUEL MARCOM v. DURHAM AND SOUTHERN RAILWAY
COMPANY.

(Filed 1 April, 1914.)

1. Trials—Instructions—Appeal and Error—Railroads—Negligence.

In the trial of causes in the Superior Court, when material evidence has been introduced presenting or tending to present a definite legal position or having definite legal value in reference to the issues or any of them, and a specific prayer for instruction concerning it is properly preferred which correctly states the law applicable, such prayer must be given, and unless this is substantially done either in direct response to the prayer or in the general or some other portion of the charge, the failure will constitute reversible error; and in this action to recover damages for a personal injury it was error for the judge to refuse to give a prayer for instruction predicated upon evidence of the defendant tending to show that the injury complained of did not occur as claimed by plaintiff, but while he was attempting to ride upon its train for his own purposes.

2. Appeal and Error—Negligence—Distribution of Recovery—Harmless Error.

In an action to recover damages of a railway company for a personal injury alleged to have been negligently inflicted on the plaintiff, where all the parties are properly before the court, the distribution of the amount of the recovery, should any be had, is of no legal interest to the defendant; nor can it complain of error alleged in the charge restricting the amount of recovery, as such is in its favor.

APPEAL by defendant from *Cooke, J.,* at May Special Term, 1912, of WAKE.

Civil action to recover for loss of services of a minor, attributed by plaintiff to the negligence of defendant company.

*P. J. Olive, R. N. Simms, and Little & Barwick for plaintiff.
Herbert E. Norris for defendant.*

HOKE, J. It is a recognized rule with us that in the trial of causes in the Superior Court, when material evidence has been introduced presenting or tending to present a definite legal position or having definite legal value in reference to the issues or

any of them, and a specific prayer for instruction concerning it is properly preferred which correctly states the law applicable, such prayer must be given, and unless this is substantially done either in direct response to the prayer or in the general or some other portion of the judge's charge, the failure will constitute reversible error. *Irvin v. R. R.,* 164 N. C., 6; *Mosely v. Johnston,* 144 N. C., 258; *Baker v. R. R.,* 144 N. C., 36; *S. v. Gaskins,* 93 N. C., 547; *Brink v. Black,* 77 N. C., 59; *S. v. Dunlop,* 65 N. C., 288; Thompson on Trials, sec. 2347.

A very full and satisfactory statement of the principle, with differing phases of its application, will be found in *Baker's case, supra,* opinion by *Associate Justice Walker,* pp. 41 and 42, as follows: "It is also true that the court is not obliged to adopt the very words of an instruction asked to be given, provided in responding to the prayer it does not change the sense or so qualify the instruction as to weaken its force. *Brink v. Black,* 77 N. C., 59; *Chaffin v. Manufacturing Co.,* 135 N. C., 95. These are rules which are observed in all appellate courts. But it is an equally well established rule that if a request is made for a specific instruction, which is correct in itself and supported by evidence, the court, while not required to adopt the precise language of the prayer, must give the instruction, at least in substance, and a mere general and abstract charge as to the law of the case will not be considered a sufficient compliance with this rule of law. *Knight v. R. R.,* 110 N. C., 58; *Chesson v. Lumber Co.,* 118 N. C., 59; *S. v. Dunlop,* 65 N. C., 288; *Young v. Construction Co.,* 109 N. C., 618.

"We have held repeatedly that if there is a general charge upon the law of the case, it cannot be assigned here as error that the court did not instruct the jury as to some particular phase of the case, unless it was especially requested so to do. *Simmons v. Davenport,* 140 N. C., 407. It would seem to follow from this rule, and to be inconsistent with it if we should not so hold, that if a special instruction is asked as to a particular aspect of the case presented by the evidence, it should be given by the court with substantial conformity to the prayer. We have so distinctly held recently in the case of *Horne v. Power*

*Co.*, 141 N. C., at p. 58, in which *Justice Connor,* speaking for the Court and quoting with approval from *S. v. Dunlop,* 65 N. C., 288, says: 'Where instructions are asked upon an assumed state of facts which there is evidence tending to prove, and thus questions of law are raised which are pertinent to' the case, it is the duty of the judge to answer the questions so presented and to instruct the jury distinctly what the law is, if they shall find the assumed state of facts; and so in respect to every state of facts which may be reasonably assumed upon the evidence.' "

In the case before us there was evidence on part of plaintiffs tending to show that, in December, 1910, Sammy Marcom, the minor, was engaged in unloading a freight car of defendant at the depot at Apex, N. C., and, while so engaged, defendant company backed a freight train against the car without notice or warning, just as said minor was moving a barrel of lime from the car; and by force of the impact and subsequent movement of the car to which the train had been coupled said 'Sammy Marcom was thrown down and rolled between the car and a platform, etc., and thereby received serious and painful injury.

There was evidence on the part of defendant introduced tending to show that, before moving against the car, the agents and employees of defendant made an examination of the same, and found no one in the car at the time, and, further, that said Sammy Marcom, at the time, was seen standing with another boy at a fire, away from the car, and that he was injured afterwards by voluntarily endeavoring to ride on the car as it was moved back and forth along the track, etc. In apt time written prayers for instructions, signed by counsel of defendant, as to the legal bearing of defendant's testimony, if accepted by the jury, were presented to the court, and we find no sufficient response made thereto either directly or in the general charge, and, under the rule, as stated, the failure must be held for reversible error.

All of the persons interested in the minor's services having been made parties plaintiff, the correct division of the proceeds, in case of recovery had, would seem to be of no legal interest to

defendant (*Hocutt v. R. R.,* 124 N. C., 214), and the restriction on the amount of recovery appearing in his Honor's charge is a question not presented in this appeal, for the error, if any, is in defendant's favor, and plaintiffs have not appealed. For the error indicated, defendant is entitled to a new trial of the cause, and it is so ordered.

New trial.