A. COLLINS LUMBER COMPANY, Inc., v. KINGSDALE LUMBER COMPANY, Inc.

(Filed 27 November, 1918.)

1. Instructions — Contracts — Breach — Appeal and Error— Objections and Exceptions.

   In the purchaser's action to recover damages against the seller for breach of contract in failing to ship lumber in carload lots to several designated points, it appeared that the defendant accepted the order upon conditions, one of them being that if shipment could not be made "on account of embargoes to destination called for within something like ninety days, we shall be at liberty to sell the stock where it can be shipped, provided you are not in position to have it diverted to some other point to which it can be shipped." The cause was tried upon the question of whether the failure of the defendant to ship to the designated points was by reason of the embargoes. The judge properly charged the jury upon the law relating to this phase of the case, and the jury having answered the issue in defendant's favor, the plaintiff excepted that the charge was incomplete, upon the theory that the defendant should have notified the plaintiff of its failure to ship on account of embargoes: *Held*, the exception should have been on a tender and refusal of a proper prayer for instruction, and under the circumstances of this case, the proximity of the plaintiff, with available means of communication, etc., and the cause having been tried upon a different theory, no reversible error is found.

2. **Instructions— Construed as a Whole— Erroneous in Part— Appeal and Error—Harmless Error.**

Where the defendant denies liability for breach of contract to ship out lumber in carload lots to designated points, under a provision therein exempting it from liability if unable to ship on account of embargoes "called for something like ninety days," and with privilege in that event to ship it elsewhere, provided the purchaser was "not in position to have it diverted to some other point," etc., an instruction that the defendant would not be liable if plaintiff gave shipping instructions to points under embargo at the time, when standing alone, is erroneous, the contract requiring that the defendant's obligation to ship shall continue for at least ninety days; but construing the charge as a connected whole, as given in this case, it properly signifies and the jury must have readily understood that the obligation to ship was continuous for the stated period, and no reversible error is found.

3. **Evidence—Records—Independent Knowledge—Appeal and Error.**

Where records of a railroad company relating to shipments, or embargoes thereon, are relevant to the inquiry in an action upon contract between the users of the railroad, they are properly excluded from the evidence when the railroad agent, a witness by whom they are sought to be introduced, testifies he has no personal knowledge on the subject; and to make the records themselves competent, their authenticity must be sufficiently established (*Ins. Co. v. R. R.*, 138 N. C., 42); and upon appeal, it must be made to appear that the entries were relevant to the issue.

4. **Evidence—Contracts—Commercial Rating—Irrelevancy.**

Evidence of the commercial rating of the plaintiff, seeking to recover damages for the breach by defendant of its contract to make shipments of lumber, defended upon a provision of the contract exempting defendant from liability by reason of embargoes upon the shipment, is irrelevant to the inquiry, and properly excluded.

ACTION, tried before *Webb, J.,* and a jury, at October Term, 1918, of MECKLENBURG.

The action was to recover damages of defendant for alleged wrongful failure to ship six carloads of lumber from defendant's mills at Lumberton, N. C., pursuant to a contract between the parties. On denial of liability and issues submitted, there was verdict for defendant. Judgment; plaintiff excepted and appealed.

*E. R. Preston, C. A. Duckworth, and Johnson & Johnson for plaintiffs.*

*McIntyre, Lawrence & Proctor for defendant.*

HOKE, J. The facts in evidence tended to show that on 14 March, 1917, plaintiff, a lumber dealer with home office in Charlotte, N. C., ordered of defendant company, operating a mill at Lumberton, ten carloads of lumber of a specified kind, six to Buffalo, N. Y., and four to

Newark, N. J., f. o. b. cars Lumberton, N. C., four of the cars to Buffalo having been shipped pursuant to order and about which there was no dispute. In accepting this order by letter, of date 17th March, inst., defendant company closed the contract in terms as follows: "We enclose herewith acceptance of orders for ten cars 4 x 4 edge culls and red heart, one car cull flooring, and one car 5 x 4 edge culls and red heart. In accepting these orders, we would like to have it understood that we are not responsible for shipment except that the lumber called for develops from stock on our yard at present, as we are not going to cut any of this class of timber. Also, should we be unable to ship on account of embargoes to destinations called for within something like ninety days, we shall be at liberty to sell the stock where it can be shipped, provided you are not in position to have it diverted to some other point to which it can be shipped."

There was evidence on the part of plaintiff to the effect that six of these cars of lumber—two to Buffalo and four to Newark, N. J.—were never shipped, though defendant was urged and had full opportunity to do so, and had the material on his yard to comply with contract, and by reason of such failure plaintiff suffered substantial damages.

Defendant contended and offered evidence tending to show that Newark, N. J., one of the points designated in the order, was under an embargo as to this order during the entire life of the contract, and that having shipped four of the cars to Buffalo as requested further shipments to this point were also prohibited, entirely preventing defendant from shipping the remaining two cars; that no other points were designated by plaintiffs during the continuance of defendant's obligation, except one on 22 May, when plaintiff directed defendant to ship the four Newark cars to Washington, D. C., but by a route that was also under embargo, preventing the shipment.

On an issue as to breach of contract by defendant, the court, in effect, submitted the case to the jury on the question whether defendant could have made the shipments to the points designated at any time during the continuance of its obligation, and the jury have rendered a verdict that there was no breach by defendant, thus establishing that as to these cars there was an embargo existent against these points during the entire period covered by the contract.

On the argument, it was chiefly urged for error by appellant that in submitting the question of wrongful failure to ship in breach of the agreement the court failed to impose on the defendant the duty of notifying plaintiff that the points designated in the order were under embargo. We are inclined to the view that under the last clause of the letter of acceptance conditions might very well arise that would require notice by defendant as to the existence of an embargo, but the objection,

in our opinion, is not open to plaintiff on the present record for the reason that no harm could have come to plaintiff from defendant's failure to give notice. Living within 125 miles of defendant's mill, in daily communication both by mail and telephone, plaintiff could have readily ascertained the occasion for the delay. As a matter of fact, plaintiff admits having been notified as to Newark, and it is apparent from a perusal of the pleadings and facts in evidence that the issue between these parties was and was intended to be fought out on the question whether, during the life of the contract, the defendant could have shipped to the points designated by plaintiff. This being true, and the charge of the court being correct in itself and sufficient to cover the phase of the controversy as presented by the parties, if plaintiff desired further instructions as to defendant's failure to notify and the effect of it, he should have preferred requests to that effect. No doubt the reason for this was that the learned and capable counsel desired and intended to insist that defendant within the time could very well have shipped to the points designated, where plaintiff had made advantageous contracts of resale and did not care to weaken his main position by diverting side issues, but having taken this course, under our decisions apposite, it is not permissible to raise the question by exceptions noted to the charge after the trial "that the same is incomplete" in the respect suggested. *Penn v. Ins. Co.,* 160 N. C., 399; *Marcom v. R. R.,* 165 N. C., 259.

It was further objected that the court instructed the jury that "if plaintiff gave shipping instructions to defendant to ship to points that were under embargo at the time, and for that reason defendant did not ship, it would not be liable for breach of the contract." Standing alone, this would not be a correct position as to the effect of the agreement between the parties, for this requires that the obligation to ship should continue for at least ninety days, and proper effort should have been made for that period after receipt of the order, but it is a wholesome rule in the trial of causes repeatedly approved with us that the charge of the court must be considered as a whole in the same connected way in which it was given and upon the presumption that the jury did not overlook any portion of it; and if, when so construed, it presents the law fairly and connectedly, it will afford no ground for reversing the judgment, though some of the expressions when standing alone might be regarded as erroneous. *S. v. Exum,* 138 N. C., 599; *Kornegay v. R. R.,* 154 N. C., 389.

In another and related part of the charge and upon the issue, the court had just instructed the jury that if defendant failed to ship the lumber as directed, and could have shipped it to the points designated by plaintiff within ninety days covered by the contract, and failed to

do so, that it would be their duty to answer the first issue "Yes"; that would be a breach of the contract. Considering the two in connection, the jury must have readily understood that the obligation to ship was continuous for ninety days from the order, as the contract stipulates.

The exceptions to the rulings of the court on questions of evidence seem to be without merit. We do not see how the commercial rating of plaintiff company, as it appeared in the established publications, is in any way relevant to the issue, and are very well assured that, on the present record, it could have had such significance that its exclusion could amount to reversible error. And in excluding the proposed testimony of the witness W. W. Brown as to the records of the Pennsylvania Railroad office in Charlotte, N. C., in reference to an embargo on shipments to Washington and other points, the witness, who had only been in the railroad company's employment for one month, stated that he had no personal knowledge of the making of these entries, nor of the facts they purported to contain. "They were records sent down by the company every day from the office of the Pennsylvania lines in Atlanta, Georgia." The witness having said that he had no personal knowledge on the subject, any direct evidence from him was clearly incompetent. The records do not appear to have been offered, but if they had been they were not sufficiently established as to their authenticity or import as to make them receivable under our decisions appertaining to the admission of such evidence. *Ins. Co. v. R. R.,* 138 N. C., 42. Apart from this, it was not made to appear that they contained any entries relevant to the issue.

We find no reversible error, and the judgment on the verdict is affirmed.

No error.