E. B. PARKS, et ux. v. SECURITY LIFE & TRUST CO., et al.

(Filed 11 April, 1928.)

1. **Principal and Agent—Rights and Liabilities as to Third Parties—Ratification—Principal May Not Accept Benefits Without Burdens—Equity.**

　　The principal may not accept the full or a partial benefit of his agent's unauthorized act, with knowledge, and avoid liability upon his failure to perform the duties fixed upon him by the terms of the contract thus made in his behalf.

**2. Trial—Instructions—When Correct Instruction on Evidence Requested Court Must Give it Substantially.**

The trial judge commits reversible error in failing to give substantially a material instruction duly requested, embodying a correct principle of law supported by the evidence in the case, though the evidence may be conflicting.

APPEAL by plaintiffs from *Stack, J.,* at November Term, 1927, of FORSYTH.

Civil action to restrain sale under foreclosure and to have plaintiffs' note and deed of trust canceled upon payment, less credits, which plaintiffs allege should properly be allowed.

It is alleged that on 24 August, 1925, the plaintiffs executed a note in the principal sum of $5,000, secured by deed of trust on the *feme* plaintiff's land for the purpose of securing a loan of this amount from the defendant, Security Life & Trust Company, but that $1,000 of said amount was held back and never paid to the plaintiffs.

The note was made to F. G. Spearman & Company, as payee, and endorsed to the defendant, Security Life & Trust Company, for full value, without notice of any equities or defects in the title, so the trust company alleges.

The case was made to turn on whether F. G. Spearman was acting for himself or as agent of the Security Life & Trust Company in making the loan in question. In this connection, the plaintiffs asked the trial court to instruct the jury as follows:

"The relation of principal and agent may be created by ratification with the same force and effect as if the relation had been created by appointment, as where one person adopts and takes the benefits of an act done without his authority, or in excess of it."

The request was denied and the plaintiffs assign same as error, as the evidence bearing upon the question was conflicting.

From a verdict and judgment in favor of the Security Life & Trust Company in the Forsyth County Court, the court of first instance, the plaintiffs appealed to the Superior Court where the judgment of the county court was upheld.

From this order, the plaintiffs appeal, assigning errors.

*William Porter and Siler & Barber for plaintiffs.*
*Manly, Hendren & Womble for defendant, Security Life & Trust Co.*

STACY, C. J. The rule of practice is well established in this jurisdiction that when a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give

the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error. *Marcom v. R. R.,* 165 N. C., 259, 81 S. E., 290; *Irvin v. R. R.,* 164 N. C., 5, 80 S. E., 78; C. S., 565.

A very full and satisfactory statement of the rule, with the reasons for its adoption, will be found in *Baker v. R. R.,* 144 N. C., 36, 56 S. E., 553, opinion by *Walker, J.,* from which we quote briefly: "We have held repeatedly that if there is a general charge upon the law of the case, it cannot be assigned here as error that the court did not instruct the jury as to some particular phase of the case, unless it was specially requested so to do. *Simmons v. Davenport,* 140 N. C., 407. It would seem to follow from this rule, and to be inconsistent with it if we should not so hold, that if a special instruction is asked as to a particular aspect of the case presented by the evidence, it should be given by the court with substantial conformity to the prayer. We have so distinctly held recently in *Horne v. Power Co.,* 141 N. C., at page 58, in which *Justice Connor,* speaking for the Court and quoting with approval from *S. v. Dunlop,* 65 N. C., 288, says: 'Where instructions are asked upon an assumed state of facts which there is evidence tending to prove, and thus questions of law are raised which are pertinent to the case, it is the duty of the judge to answer the questions so presented and to instruct the jury distinctly what the law is, if they shall find the assumed state of facts; and so in respect to every state of facts which may be reasonably assumed upon the evidence.' "

In the instant case, the plaintiffs duly preferred a special instruction on the subject of ratification. It would seem that they were entitled to have this given. As between an agent and his principal, the decisions are to the effect that where the principal, with full knowledge of the facts, accepts the benefits of a contract made in his behalf, he must also bear its burdens. *McNair v. Finance Co.,* 191 N. C., 710, 133 S. E., 85.

True, the evidence of the defendant, Security Life & Trust Company, is to the effect that F. G. Spearman was acting for himself and not as agent for said trust company in negotiating the loan in question, which seems to have been accepted by the jury. *Non constat* there is other evidence on the record tending to support the position of the plaintiffs; and, under this evidence, their view of the case, on the question of ratification, should have been submitted to the twelve.

Speaking to the subject in *Waggoner v. Publishing Co.,* 190 N. C., 829, 130 S. E., 609, it was said: "The defendant will not be permitted to repudiate the act of its agent as being beyond the scope of his authority, and at the same time accept the benefits arising from what he has done while acting in its behalf. *Starkweather v. Gravely,* 187 N. C., 526. It is a rule too well established to admit of debate that if a principal, with

full knowledge of the material facts, takes and retains the benefits of an unauthorized act of his agent, he thereby ratifies such act, and with the benefits he must necessarily accept the burdens incident thereto or which naturally result therefrom. The substance of ratification is confirmation after conduct. 2 C. J., 467. It is also a settled principle of ratification that the principal must ratify the whole of his agent's unauthorized act or not at all. He cannot accept its benefits and repudiate its burdens. *Bank v. Justice,* 157 N. C., p. 375."

For the error, as indicated, in failing to give the instruction, substantially as requested, a new trial must be awarded, and it is so ordered.

New trial.