STATE v. WILLIAM LEE.

(Filed 13 March, 1929.)

1. **Trial—Instructions—Requests for Instructions—Duty of Trial Court to Grant.**

    A request for instructions correctly embodying the law of the case arising from the evidence and material to the case must be substantially given by the court, and its refusal will constitute reversible error.

2. **Criminal Law—Capacity to Commit and Responsibility for Crime—Mentality—Intoxicating Liquors—Disease.**

    A person who from long continued use of alcoholic drinks and the long course of a disease affecting his mind is incapable of knowing the nature of his act in committing a murder or whether it was wrongful or not, as distinguished from the immediate effects of drink, will not be held in law guilty of the criminal offense of murder charged in the bill of indictment.

3. **Appeal and Error—Record—Record Conclusive on Appeal.**

    The record of the case on appeal containing discrepancies will be taken by the Court as therein appearing.

APPEAL by defendant from *Grady, J.,* at October Term, 1928, of DUPLIN.

Criminal prosecution tried upon an indictment in which it is charged that the prisoner, William Lee, did on 15 September, 1928, unlawfully, wilfully and feloniously, of his malice aforethought, kill and murder one Ollin Maynard, contrary to the statute in such cases made and provided and against the peace and dignity of the State.

The evidence on behalf of the State, as recited by the judge in his charge, tends to show that the prisoner and the deceased had engaged in an exchange of words, on the day in question, which caused the prisoner to go to his home, get his gun, return to the home of the deceased, and shoot the latter while he was sitting in a chair, near a table, either reading or nodding, inflicting immediately mortal wounds.

From the evidence in the record it appears that Ollin Maynard, a colored man, was killed with a shot gun 15 September, 1928; that the prisoner was seen with a shot gun near the scene of the killing, immediately after the shooting, and that some time thereafter he asked to be taken to jail, stating that "me and a man got in a argument and I shot him. He was arguing with me and had a pistol in his hand and was coming towards me."

The prisoner testified that he had been suffering from syphilis for about eight years; that he had been drinking heavily for two years or longer, and that he had drunk more than a pint of liquor that morning. "I don't remember about going to Ollin's, or what happened, and the

only thing I remember was that Clenny Newkirk gave me a shell (with which to kill his dog). The next thing I knew about it was that evening."

There was other evidence tending to show that "when the prisoner was not drunk, he was hunting something to drink. He complained of a pain in his head and said it took whiskey to relieve it. He did not have sense enough to do much work."

Dr. Linville, expert on mental diseases, testified: "I have examined William Lee, and find that he is suffering with syphilis in its last stage. The disease can have almost any effect upon the body and mind. I have found that he has blood pressure of 190, and it should be 140, and all of the glands of his body are infected, and one has opened up and ruptured. In talking to him he at times will talk to you pretty straight, and at other times you don't seem to get anything out of him. He will tell you one thing one minute and another thing another minute. He is twisted in his judgment. He is not what you would call crazy, but he has never been very bright, and he has the appearance of one you would judge to have been weak. In my opinion, I do not think that he had sufficient (mental) capacity (at the time of the killing) to plan and deliberate. The disease he has been suffering with would cause pains in the head."

Dr. Straughan, after qualifying as an expert, testified: "He (defendant) has syphilis in the third or last stage. One having syphilis of the brain, as he does, oftentimes is delirious and goes off in a trance or have complete loss of memory. They may have it at any time during the course of the disease. My examination of him shows that he has had the disease over a period of years. I could not say definitely how many, but several years. In my opinion he did not have sufficient mental capacity to plan and deliberate (at the time of the killing), a fixed design."

In apt time the prisoner requested the court, among other things, to instruct the jury as follows:

"The jury is instructed that although they might find from the evidence that the defendant committed the criminal act, in the manner and form as charged in the indictment, still, if the jury believe from the evidence that at the time he committed the act he was so affected by long and continued use of alcoholic liquors or disease, or both, that he did not know the nature of the act, whether it was wrongful or not, and did not know his relations to others, and that such mental deficiency was induced by antecedent and long continued use of such intoxicating drinks or disease, and not the immediate effects of intoxication, then the defendant cannot be held criminally responsible for such act, and the jury should find the defendant not guilty."

The court declined to give this instruction, and such refusal forms the basis of one of the prisoner's exceptive assignments of error.

Verdict: Guilty of murder in the first degree.

Sentence: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. D. Johnson and D. L. Carlton for defendant.*

STACY, C. J., after stating the case: The rule obtains with us that when a party duly makes request for a special instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, nevertheless is required to give the instruction, in substance at least, and unless this is done, either in direct response to the request or otherwise in some portion of the charge, the failure, if properly presented on appeal, will be held for reversible error. *Parks v. Trust Co.,* 195 N. C., 453, 142 S. E., 473; *Marcom v. R. R.,* 165 N. C., 259, 81 S. E., 290; *Irvin v. R. R.,* 164 N. C., 6, 80 S. E., 78; *Lloyd v. Bowen,* 170 N. C., 216, 86 S. E., 797; *Rencher v. Wynne,* 86 N. C., 269.

In *Baker v. R. R.,* 144 N. C., 36, 56 S. E., 553, *Walker, J.,* delivering the opinion of the Court, gives the reason for the rule as follows: "We have held repeatedly that if there is a general charge upon the law of the case, it cannot be assigned here as error that the court did not instruct the jury as to some particular phase of the case, unless it was specially requested so to do. *Simmons v. Davenport,* 140 N. C., 407. It would seem to follow from this rule, and to be inconsistent with it if we should not so hold, that if a special instruction is asked as to a particular aspect of the case presented by the evidence, it should be given by the court with substantial conformity to the prayer. We have so distinctly held recently in *Horne v. Power Co.,* 141 N. C., at p. 58, in which *Connor, J.,* speaking for the Court and quoting with approval from *S. v. Dunlop,* 65 N. C., 288, says: 'Where instructions are asked upon an assumed state of facts which there is evidence tending to prove, and thus questions of law are raised which are pertinent to the case, it is the duty of the judge to answer the questions so presented and to instruct the jury distinctly what the law is, if they shall find the assumed state of facts; and so in respect to every state of facts which may be reasonably assumed upon the evidence.' "

In the instant case the prisoner in apt time preferred the special instruction, as above set out, which was taken almost verbatim from an instruction given and approved in *S. v. English,* 164 N. C., 498, 80

S. E., 72. See, also, *S. v. Ross,* 193 N. C., 25, 136 S. E., 193, and *S. v. Allen,* 186 N. C., 302, 119 S. E., 504. It would seem that the prisoner was entitled to have this instruction given substantially in the form as requested. *Lloyd v. Bowen, supra.*

The case on appeal, which was not settled by the trial judge, presents several discrepancies, but we must take the record as we find it.

For the error, as indicated, in failing to give the instruction, substantially as requested, a new trial must be awarded, and it is so ordered.

New trial.