EDWIN ANDERSON METTS v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA.

(Filed 22 January, 1930.)

1. **Insurance R c—In this case held: policy was not income insurance and did not cover inability to obtain work after end of disability.**

    Under the provisions of the policy of health insurance indemnifying the insured from loss resulting from such disability as would result in continuous and total loss of business time during "the continuance of disability as defined above until such time as the insured engages in a gainful occupation": *Held*, the policy is not income insurance, and the loss insured against is that which the insured should sustain from the continuous loss of business time based upon the conditions thus expressed, and does not entitle the insured to recover thereon for his inability to obtain an employment such as he may desire after the termination of disability covered by the policy.

2. **Trial D c—Where plaintiff's testimony discloses facts entitling him to recovery and facts precluding recovery question is for jury.**

    Where the insured has testified as to the facts that would, if found in his favor by the jury, entitle him to recover certain damages as indemnity against loss from sickness under the terms of the policy, and also as to a basis of fact for damages excluded by the terms of the policy, it is for the jury to determine under proper instructions upon the weight of the evidence the essential facts at issue.

3. **Trial E e—Refusal of court to give instructions requested correctly stating the law is reversible error.**

    The refusal of the trial judge to fully give instructions requested that contain the law arising from the evidence is reversible error, and the requirement is not met by his partially giving them when his omissions are of material matters.

CIVIL ACTION, before *Harwood, Special Judge*, at March Special Term, 1929, of BUNCOMBE.

The plaintiff alleged that on or about 2 May, 1921, the defendant issued to him its policy No. 4610130, and that thereafter on or about 14 January, 1924, while the policy was in force, the "plaintiff was taken

sick and became ill with a bodily disease by reason of which he was totally disabled and incapacitated to do or carry on any work or occupation."

It was further alleged "that as soon as plaintiff, acting upon the advice of his said physician, was able to engage in a gainful occupation, to wit, on or about 1 January, 1925, the plaintiff began and continued diligently to seek a gainful occupation until 15 June, 1925, when he secured employment and began to engage in what he believed to be a gainful occupation."

The evidence discloses that the plaintiff was paid a benefit of $500 a month, as provided in the policy, up to 14 December, 1924, and he brings suit to recover $3,000 benefit in accordance with the terms of said policy, covering the period from 14 January, 1925, to 14 June, 1925, aggregating $3,000. Subsequently the plaintiff filed an amended complaint alleging that the policy was an income policy and not a disability policy, and that therefore he was entitled to receive $500 per month "until such time as the plaintiff engages in a gainful occupation."

The policy was offered in evidence and is denominated upon the face thereof "Non-Cancellable Income Policy." The language of the policy out of which the controversy grows is substantially as follows: "This policy provides indemnity . . . for loss of time by sickness. . . . The Pacific Mutual Life Insurance Company of California hereby insures Edwin Anderson Metts . . . against disability commencing while this policy is in force and resulting from sickness; such disability . . . to be such as will result in continuous total loss of business time. . . . The company will pay indemnity at the rate of $500 per month during the continuance of disability as defined above until such time as the insured engages in a gainful occupation."

The plaintiff testified that he suffered a total loss of business time on account of sickness "from the first part of January, 1924, until June, 1925—about the middle of June, 1925." On cross-examination he testified that he had alleged in his original complaint that he was able to engage in a gainful occupation on 1 January, 1925, and that his physician told him he was able to resume work after 1 January, 1925, but with certain restrictions to the effect that he could not engage in any work, "where it was confining, and I could not take a position out of doors." Plaintiff further testified: "After the first of January I began a search for a job, and if I had found a job that suited me on the first of January I would have taken it. If I had found a job that paid me what the company had me insured for, I would have taken it if it complied with the doctor's instructions. I was acting under his instructions and restrictions, and if I had found a job that suited me on the first of January, of course I would have taken it, and that would have ended the

matter. That is the way I understood the contract. I found a job in March, and the doctor turned it down. If the doctor would have approved it, I would have taken it in March if it suited me and suited the doctor. I was honestly looking for a job."

The issue submitted to the jury was: In what amounts, if any, is the defendant indebted to the plaintiff? The jury answered the issue awarding $3,000 with interest at six per cent per annum.

From judgment upon the verdict the defendant appealed.

*Rollins & Smathers for plaintiff.*
*J. E. Swain for defendant.*

BROGDEN, J. From the language employed in the policy it seems apparent that disability from sickness resulting "in continuous total loss of business time" is the basis of awarding indemnity, such indemnity being payable during the "continuance of disability . . . until such time as the insured engages in a gainful occupation."

It is admitted that the defendant owes the plaintiff the sum of $266.65 for indemnity accruing prior to 1 January, 1925. The question, then, is: Did the disability from sickness cause the plaintiff to suffer a "total loss of business time" from January, 1925, until June, 1925? Thus a clear cut issue of fact was presented. The plaintiff testified that he suffered a total loss of business time, due to sickness, from January, 1924, until June, 1925. This unequivocal testimony was qualified on cross-examination, but it was the function of the jury to determine the weight of the evidence and to find the essential facts. The case was tried upon the theory that the policy was a disability policy rather than an income policy.

The defendant in apt time requested the court to give the following instructions to the jury:

1. "If the jury should find from the evidence that the defendant issued to the plaintiff the policy and contract of insurance which has been introduced in evidence, and should further find that plaintiff filed his claim for benefits thereunder, and that the same were paid by the defendant at the rate of $500 a month from the time they became due until 14 December, 1924, and if the jury should further find that on 1 January, 1925, the plaintiff had sufficiently recovered from his illness so that he was able to engage in a gainful occupation as contemplated by the contract of insurance, then the plaintiff would be entitled to recover of the defendant benefits from 14 December, 1924, to 1 January, 1925, which amount may be calculated by you, the defendant claiming that it is the sum of $266.65, but would not be entitled to recover of the defendant anything after the said 1 January, 1925."

2. "If you should find from the evidence that the plaintiff was able on and after 1 January, 1925, to engage in a gainful occupation from and after that time, but was unable to find suitable employment until 14 June, 1925, he would not be entitled to recover benefits for that period under the terms of this contract of insurance, and it will be your duty to so answer the issue."

3. "Under this contract of insurance the defendant would not be due the plaintiff anything by reason of plaintiff's inability to find a job or secure employment. This contract of insurance does not insure to the plaintiff a job, or a gainful occupation, but guarantees to him an income in the sum of $500 per month during the period which he is prevented from engaging in a gainful occupation solely on account of bodily injury received while the policy was in force, or disease contracted while the said policy was in force, which resulted in his continuous total loss of business time."

The evidence introduced warranted the special instructions requested, and the omission of the trial judge to give them, as requested, constituted error. The trial judge gave a portion of instruction number 3, but it would seem that the defendant was entitled to the instruction in its entirety. *Horne v. Power Co.,* 141 N. C., 50, 53 S. E., 658; *Marcom v. R. R.,* 165 N. C., 259, 81 S. E., 290; *Parks v. Trust Co.,* 195 N. C., 453, 142 S. E., 473; *S. v. Lee,* 196 N. C., 714, 146 S. E., 858.

New trial.