C. I. CALHOUN ET AL. v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 18 September, 1935.)

**1. Appeal and Error B b—**

A point of law debated on brief, but not mooted in the trial court nor supported by the record, will not be decided on appeal, but in this case, as a new trial is awarded upon exception to the court's refusal to give instructions requested, the parties will have opportunity to be heard on the matter upon the subsequent hearing.

**2. Eminent Domain C c—**

An abutting property owner may not recover for damages to his land caused by changing the grade of an established street or road when such

change is made pursuant to lawful authority and there is no negligence in the manner or method of doing the work.

**3. Trial E e—**

When a party tenders a request for a specific instruction, correct in itself and supported by the evidence, the failure of the trial court to give such instruction, in substance at least, either in response to the prayer or in some portion of the charge, is reversible error.

APPEAL by defendant from *Alley, J.,* at June Term, 1935, of CHEROKEE.

Civil action for assessment of damages to plaintiffs' lot in the Town of Murphy, caused by the regrading of Highway No. 28, leading into said town from the west.

It is in evidence that the defendant relocated the road in question, raised the grade in front of plaintiffs' house 3 or 4 feet, and encroached upon plaintiffs' property by spreading the base of the road in elevating the grade.

In apt time, the defendant requested the court to instruct the jury as follows:

"The petitioner is entitled to have compensation for the reasonable market value of any part of his property which was taken for the public use, and for any damage to the remaining property caused by such taking, but the petitioner is not entitled to recover damages for raising the grade of the old highway. The old highway already belonged to the public, and the State could either raise or lower the grade of that road without answering to the petitioners in damage. You should not, therefore, allow the petitioners any damage for raising the grade within the limits of the old road, but should confine yourselves to such property as you may find the defendants to have taken, if any, and such damages, if any, as were occasioned the petitioners' property by such taking." Prayer refused; exception.

From verdict and judgment for plaintiffs, the defendant appeals, assigning errors.

*Moody & Moody and D. Witherspoon for plaintiffs.*
*Charles Ross and Gray & Christopher for defendant.*

STACY, C. J. The principal matter debated on brief is whether the action was commenced within six months from the completion of the project as provided by C. S., 3846 (bb). The question was not mooted in the court below and there is nothing on the record to show whether the action was, or was not, brought within the requisite time. In this state of the record, it would seem that, with justice to all, the question might well be left undecided, as a new trial must be awarded for failure

to give the special instruction requested by defendant. This will afford both sides equal opportunity to be heard on the point at the next hearing.

With respect to the special instruction, requested by the defendant, it is the rule with us, and very generally held elsewhere, that, unless otherwise provided by statute or constitutional provision, an abutting property owner may not recover for damages to his land caused by changing the grade of an established street or road when such change is made pursuant to lawful authority and there is no negligence in the manner or method of doing the work. *Wood v. Land Co.,* 165 N. C., 367, 81 S. E., 422; *Harper v. Lenoir,* 152 N. C., 723, 68 S. E., 228; *Dorsey v. Henderson,* 148 N. C., 423, 62 S. E., 547; *Jones v. Henderson,* 147 N. C., 120, 60 S. E., 894; *Wolfe v. Pearson,* 114 N. C., 621, 19 S. E., 264; *Meares v. Wilmington,* 31 N. C., 73. Compare *Bost v. Cabarrus,* 152 N. C., 531, 67 S. E., 1066.

The prayer being properly presented, in apt time, and containing a correct legal request, pertinent to the evidence and the issue in the case, it was error to refuse it. *Michaux v. Rubber Co.,* 190 N. C., 617, 130 S. E., 306. The rule of practice is well established in this jurisdiction that when a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error. *Parks v. Trust Co.,* 195 N. C., 453, 142 S. E., 473; *Marcom v. R. R.,* 165 N. C., 259, 81 S. E., 290; *Irvin v. R. R.,* 164 N. C., 5, 80 S. E., 78; C. S., 565.

The defendant is entitled to a new trial. It is so ordered.

New trial.